## TEXAS & P. RY. CO. v. ROGERS.

(Circuit Court of Appeals, Fifth Circuit. June 27, 1893.)

### No. 120.

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—"RESIDENCE."

Where federal jurisdiction depends upon the diverse citizenship of the parties, such diversity must appear affirmatively in the record; and it is insufficient if diversity of "residence" only appears. Telephone Co. v. Robinson, 1 C. C. A. 91, 48 Fed. Rep. 769, followed.

2. MASTER AND SERVANT—DEFECTIVE APPLIANCES—PATENT DEFECTS.

A servant cannot recover against his master for personal injuries resulting from patently defective appliances.

3. SAME.

If a master employs an insufficient number of men to hoist a timber to a bridge which he is repairing, this is a patent defect, and an employe injured in consequence thereof cannot recover.

4. SAME—FELLOW SERVANTS—WHO ARE.

A laborer, acting as temporary foreman of a bridge gang, but at the same time actually assisting in the labor, is a fellow-servant of the other members of the gang, and one of them who is injured by his negligence cannot recover against the common master.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. Action by Thomas G. Rogers against the Texas & Pacific Railway Company to recover damages for personal injuries sustained while in its employment. There was a verdict for plaintiff, and, from the judgment entered thereon, defendant brings error. Reversed.

Statement by PARDEE, Circuit Judge:

Thomas G. Rogers, defendant in error, instituted his action against the Texas & Pacific Railway Company, plaintiff in error, in the court below, and in his original petition as to jurisdiction alleged as follows: "Your petitioner, Thomas G. Rogers, who resides in Miller county, Ark., complaining of the Texas & Pacific Railway Company, a corporation created and existing by virtue of the laws of the state of Texas, with an office and local agent at Jefferson, Tex., to wit, one Charles E. Ide, respectfully represents," etc. Afterwards he filed a second amended original petition, and therein alleged as follows: "Now comes the plaintiff, and by leave of the court first had and obtained, and files this, his second amended original petition, in lieu of

his original petition filed on the 25th day of February, 1891, and his first amended original petition filed herein on the 14th day of September, 1891, and complaining of the defendant, the Texas & Pacific Railway Company, a corporation created and existing under and by virtue of the laws of the state of Texas, respectfully represents and shows to the ·court that heretofore, to wit, on or about the 22d of June, 1890, plaintiff was at work for said defendant company at and near Stawn, on the line of the defendant's railroad in Palo Pinto county, Tex., with what is known as the 'gang,' assisting in the building and repairing of bridges for said defendant company as a day laborer, and under the direction and control of one Lewis Sullivan, who was the acting foreman of the said bridge gang, and the agent of the said defendant company. That while so engaged at work, under the control and direction of the said foreman as aforesaid, and while attempting with others of the said gang to hoist from the ground below to the bridge above a large and heavy piece of bridge timber, plaintiff was knocked off the said bridge by the said timber, in consequence of the timber being so heavy that it could not be handled by the small number of men who were directed to· raise the same, and in consequence of the further fact that there were no means of securing the said timber after one end thereof had been raised to the top of the bridge, and there were no such appliances as were necessary for the performance of the work at which this plaintiff and other persons were engaged at the time of the injury as aforesaid. That the force of hands employed at this work was also insufficient for the safety of this plaintiff and the other employes; and that the said foreman was unskilled and unfitted for the place; and that the defendant company was negligent in the failure to provide safe and suitable appliances for the performance of the work at which they were engaged at that time; and that, in consequence of the said · negligence of the said defendant company in not providing a sufficient force and suitable appliances for the performance of the said work, and in the selection and employment of incompetent foreman to control and direct the same, the plaintiff was knocked off the high trestle or bridge, and suffered serious and painful and permanent injuries, mashing, bruising,· and lacerating his leg, dislocating his ankle, and otherwise injuring this plaintiff, so that he was unable to walk or to move about without the use of crutches for the space of about four months, and wholly unable to do or perform any kind of manual labor for the period of six months, after the said injury. Plaintiff further shows that said injuries also extended to his shoulder and back, and that he suffered great physical pain and mental anguish, and that his ability has been greatly impaired by the injuries complained of to make a living at his occupation or otherwise. That his said injuries were all caused as aforesaid by the said negligence, acts of omission and commission, hereinbefore complained of, and without fault or contribution on the part of the plaintiff. Plaintiff further shows to the court that, while the timber by which plaintiff was hurt was being hoisted to the top of the bridge as before stated, that there came in sight a train, and the foreman ordered the men at work on the timber to hurry up, as the train was coming; and that, while they were ·so attempting to get said timber out of the way of the train, the accident happened by which plaintiff was injured as aforesaid; and by reason of said injuries, and all occasioned by the said negligence of the said defendant, plaintiff has been damaged in, to wit, the full sum of ten thousand dollars as actual damages, and for this sum he prays judgment, as in his original petition."

To the said second amended original petition, the defendant filed the following answer: "Now comes the defendant in above cause and demurs to plaintiff's petition, and says same shows no cause of action. (2) Defendants deny each and every allegation in plaintiff's petition, and say they are not guilty of the wrongs charged against them. (3) Defendants say that the negligence, if any, that caused this injury to plaintiff, was the negligence of those persons working with plaintiff, and who were his fellow servants, and for whose negligence the defendant is not liable. (4) Defendants say that, if plaintiff ever had any cause of action, the same accrued more than one year before the filing of plaintiff's amended petition, and all cause of action as set forth in said amended petition filed herein is barred by the law of

limitation of one year, wherefore plaintiff cannot recover. And the defendant further says that plaintiff himself was negligent, in this: he got upon the bridge and passed (sic.) pressed on the piece of timber, and caused it to fall and injure him, which contributed to his injury."

On the trial the evidence was all reduced to writing, and at the close the judge charged the jury on the law of the case as follows: "(1) It is the duty of the railway company to furnish its employes with reasonably safe means and instrumentalities with which to perform their labors. (2) It is also their duty to provide and furnish a sufficient number of hands to assist the employes to perform their labor so as to make it reasonably safe for the laborer. (3) If you believe that the defendants failed to furnish reasonably safe means and instrumentalities for Rogers to perform his work, or if the defendant failed to furnish and provide a sufficient number of hands to assist Rogers in performing his work, then, in either case, the defendant would be guilty of negligence, and plaintiff can recover. (4) But, if the plaintiff knew the means furnished were not proper and sufficient, then he cannot recover for any insufficiency in the means furnished. (5) If the defendant knew there were not sufficient hands to assist him, then he cannot recover for any want of sufficient hands. (7) If the foreman Harris was at the bridge, superintending the work, then Sullivan would be a fellow servant with Rogers, and plaintiff could not recover for any negligence of Sullivan. (8) If Harris was not present at the bridge, and Sullivan was there superintending the work, and had authority to superintend the work in Harris' absence, then Sullivan would not be a fellow servant, and the plaintiff can recover for Sullivan's negligence in anything he did in supervising the work, but could not recover for the negligence of Sullivan in performing the work of an ordinary laborer."

The defendant in the court below (plaintiff in error here) then asked the court to charge the jury as follows: "The jury are charged that the evidence shows Rogers to have been guilty of negligence which contributed to his injury. Therefore plaintiff cannot recover. You will therefore find for the defendant. The jury are charged that in this case the man Sullivan was a fellow servant with Rogers, and therefore the plaintiff cannot recover for any negligence of Sullivan. The court refused to give said charges, and the defendant excepted then and there to the refusal of each of said charges."

From an adverse verdict and judgment in the sum of $429, the case has been brought to this court for review, upon the following assignment of errors: "(1) The circuit court erred in refusing the following charge, asked by the defendant: 'The jury are charged that the evidence shows Rogers to have been guilty of negligence which contributed to his injury. Therefore plaintiff cannot recover.' (2) The court erred in refusing the following charge: 'The jury are charged that in this case the man Sullivan was a fellow servant with Rogers. Therefore the plaintiff cannot recover for any negligence of Sullivan.'"

T. J. Freeman, for plaintiff in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts.) We are compelled to reverse and remand this case because the jurisdiction of the circuit court does not appear of record. Telephone Co. v. Robinson, 1 C. C. A. 91, 48 Fed. Rep. 769. As, however, we are advised that by proper amendment the jurisdiction can be shown, we deem it proper, in view of a new trial, to shortly consider the assignments of error.

The first charge asked by the plaintiff in error and refused by the court was, in effect, equivalent to asking the court to instruct the jury to find for the defendant. The transcript purports to contain

the entire evidence offered on the trial, and that evidence shows that, if the railway company failed to furnish proper appliances to perform the work in question to such an extent that said appliance might be declared defective, the defect was a patent one, and clearly to the knowledge of the defendant in error. In our opinion, the evidence does not show that an insufficient number of employes was furnished to assist in the work, but, if a sufficient number was not furnished, that also was a patent defect. "A servant is bound to see patent and obvious defects in appliances furnished him, and assumes all patent and obvious risks, as well as those incident to the business; and where he knows or ought to know of the defect in the appliances, and continues to work with the same, and receives injuries therefrom, he is treated as being guilty of contributory negligence, and cannot recover." Wood, Ry. Law, § 379; and the authorities there cited fully sustain this proposition. "The servant, in order to recover for defects in the appliances in business, is called upon to establish three propositions: (1) That the appliance was defective; (2) that the master had notice thereof or knowledge, or ought to have had; (3) that the servant did not know of the defect, and had not equal means of knowing with the master." Id. § 386.

The second assignment of error we consider well taken. The effect of the charge given by the court was that Sullivan, the temporary boss of the bridge gang, although a laborer, and actually assisting at the time that defendant in error was injured, was not a fellow servant with the defendant in error. Under the evidence in the case, and under the law as declared by the supreme court of the United States in Railroad Co. v. Baugh, 13 Sup. Ct. Rep. 914, as well as under the decisions of the supreme court of the state of Texas, (see Dallas v. Railway Co., 61 Tex. 196; Railway Co. v. Rider, 62 Tex. 267; Railway Co. v. Harrington, Id. 597; Railway Co. v. Watts, 63 Tex. 549; Railway Co. v. Welch, 72 Tex. 298, 10 S. W. Rep. 529,) we are of the opinion that this was erroneous, and that the defendant railway company (plaintiff in error) was entitled to the charge asked and refused, to wit:

"If the defendant in error was injured by the negligence of Lewis Sullivan, it was the act of a fellow servant, engaged in the same line of employment, and for which the company would not be liable."

We notice, further, in this case, that there was error in awarding costs in favor of the plaintiff in the court below. Rev. St. U. S. § 968.

The judgment of the circuit court is reversed, and the case is remanded, with instructions to dismiss the suit, unless, by proper amendment, the jurisdiction of the circuit court is made to appear of record.