### McGRATH v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

No. 181.

1. MASTER AND SERVANT—RISKS OF EMPLOYMENT—RAILROAD BRIDGE.
   A railroad employé, who, when engaged in removing a wrecked train, goes upon a bridge which is obviously a new and temporary structure, the defects of which are patent, assumes the risk arising from such defects.

2. SAME—NEGLIGENCE OF FELLOW SERVANT—WRECK MASTER.
   A railroad employé, who is one of a gang of men employed to remove a wreck, cannot recover from the company for injuries caused by the

---

[1] 6 C. C. A. 387.

negligence of the wreck master, who has charge of the wrecking car. Railroad Co. v. Baugh, 13 Sup. Ct. 914, 149 U. S. 368, followed.

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action by John McGrath against the Texas & Pacific Railway Company for personal injuries. Defendant obtained judgment. Plaintiff brings error.

Wendel Spence, for plaintiff in error.

T. J. Freeman, for defendant in error.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

TOULMIN, District Judge. The facts disclosed by the testimony are that the plaintiff was a car repairer in the car department of the defendant; that one White was the foreman of the car department, in which was included the wrecking department of the company. White had authority to employ and discharge persons working in that department, and did employ the plaintiff. There was a wreck on defendant's road. White sent one Schmalzreid and the plaintiff and others to the scene of the accident with a wrecking car, on which were a derrick and appliances with which to remove the wreck. Schmalzreid had charge of the wrecking car and machinery while it was operated in removing the wreck, and while in charge of the work was called the "wreck master," and had experience as such. The wrecking car was placed on a bridge, at the place of the wreck, which the evidence tended to show was defective and insecure. It had been damaged at the time of the recent wreck, and had been but temporarily repaired. The evidence also tended to show that, while the wrecking car was provided with sufficient and suitable ropes to secure and keep the derrick on the car in position, they were not properly fastened or used at the time of the injury complained of. The plaintiff was working on the car, and participated in handling the ropes, and had been so working for a day and a half before the injury occurred. The car and derrick toppled over, and he was severely injured. The evidence further tended to show that the injury resulted from Schmalzreid's negligence in placing the car on the bridge to do the work, when it was unnecessary to do so, and in not properly fastening the ropes to secure and keep the derrick in position. The general charge of the court, to which the plaintiff excepted, and now assigns as error, was as follows:

"So far as the faulty construction of the bridge is objected to by plaintiff, it was obviously a new and temporary structure, the defects of which, so far as they may have contributed to the injury of plaintiff, were patent, and open to the eyes of the plaintiff. Under the evidence in this case, you are instructed that plaintiff cannot recover under his allegations of negligence on the part of Schmalzreid, the wrecking master. You will therefore find for the defendant."

The plaintiff also requested several special charges, which were refused by the court, and to which plaintiff excepted.

We think the facts of this case bring it directly under the ruling

in the case of Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, and of the case of Railway Co. v. Rogers (decided by this court at the last term) 57 Fed. 378,[1] and that there is no error in the charge of the court, and therefore none in its refusal to charge as requested by the plaintiff.    Judgment affirmed.