DEAVERS v. SPENCER et al.

(Circuit Court of Appeals, Fourth Circuit. November 7, 1895.)

No. 124.

NEGLIGENCE—FELLOW SERVANTS.

    A "track foreman" in the employ of a railroad, who, by the rules of the company, is required to report to the supervisor, and receive his instructions as to all his work; who can only suspend or discharge the men in his gang temporarily, and subject to the approval of the supervisor; who follows minute directions as to the use of the track in his work; and who works with the men forming the gang under his charge,—is a fellow servant of the members of such gang, who assume the risks of injury by his negligence.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

This was an action by William Deavers against Samuel Spencer, F. W. Huidekoper, and Reuben Foster, receivers of the Richmond & Danville Railroad Company, to recover damages for personal injuries. Judgment was rendered in the circuit court for the defendants. Plaintiff brings error. Affirmed.

John M. Johnson and James R. Caton, for plaintiff in error.

Leonard Marbury, for defendants in error.

Before SIMONTON, Circuit Judge, and SEYMOUR, District Judge.

SIMONTON, Circuit Judge. This case comes up by writ of error to the circuit court of the United States for the Eastern district of Virginia. The plaintiff in error (the plaintiff below) was in the service of the defendants in error as a track hand engaged in repairing the roadbed and tracks in charge of the defendants' receivers. On the 15th December, 1892, he was at work with a gang in charge of one O'Rourke, track foreman, at Springfield station. They were putting in switch ties,—taking out old ties and putting in new ones. The track was jacked up on both sides. O'Rourke, who, as was his custom, was working with the hands, went to the high side of the track, and threw the track himself. He then went to the lower side of the track, and made two or three jerks at the jack handle. Failing to move it, he called plaintiff to his assistance, who ran at once to him. Just as plaintiff reached O'Rourke the latter jumped on the jack and moved it, when down came the track and ties on the foot of the plaintiff, and seriously injured him. Thereupon he brought this action.

The judge below was of the opinion that O'Rourke and the plaintiff were fellow servants, and that the defendants were not liable for the negligence of O'Rourke, if this caused the accident. The assignment of errors makes this question here. It also charges it as error that the court took the case from the jury and instructed them to return a verdict for defendants. The right of the court to instruct a jury to find a verdict for defendant, when the plaintiff has failed to make out his case, is too well established to require discussion. Grand Chute v. Winegar, 15 Wall. 355; Klein v. Russell, 19 Wall. 433; Montclair v. Dana. 107 U. S. 162, 2 Sup. Ct. 403; Randall v. Railroad Co., 109 U. S. 478, 3 Sup. Ct. 322. The whole case depends, therefore, upon the question, was O'Rourke a fellow servant of plaintiff, whose negligence was one of the risks assumed by him in his employment? O'Rourke was track foreman, and plaintiff was one of his gang. The rules prescribed for track foremen are as follows:

"Track foremen report to and receive their instructions from the supervisor. They have charge of the repairs on their respective sections, and will be held responsible for the inspection necessary to secure the safety of the road. They may discharge or suspend from duty any employé under their charge, but must report the case promptly to the supervisor for his approval. They must not increase their force without his consent. They must never obstruct the track in any way whatever without first conspicuously displaying and using all danger signals at least 900 yards in both directions. Extra trains may pass over the road at any time without previous notice, and foreman must always be prepared for them. Anything that interferes with the safe passage of trains at full speed is an obstruction. They are permitted to use the track in making repairs to within fifteen minutes of the time of passenger trains, and ten minutes of the time of freight trains, but invariably under the protection of all necessary danger signals, which must be displayed at least 900 yards in each direction; and, if the signals cannot be seen by the foreman at the point where he is at work, a man must be placed in charge of them."

It will be seen from these rules that the track foreman is wholly subordinate to his superior, the supervisor. To him he reports and from him receives instructions. He must inspect the road, but all

that he does is to report this in order to get instructions with regard to it. He cannot discharge or suspend any of the gang without reporting it at once to the supervisor and getting his approval. He cannot increase his force without the consent of the supervisor. His instructions as to the use of the track are minute and particular. He works with the hands. And the lever of the jack in raising the track is used by any of the hands. On the day in question O'Rourke was using it. Was he a vice principal of the defendant? He occupied a position entirely subordinate. Necessarily, when he was with his gang, carrying out the instructions of the supervisor, he had supervision of them. If any of them were idle or insubordinate, he could suspend them for the time. "The mere fact, however, that he had some sort of control over the rest of his gang, does not destroy the relation of fellow servant with them." Baugh's Case, 149 U. S. 384, 13 Sup. Ct. 914. There is nothing in his own position, or in the nature of his duties, nor in the relation he bore to the railroad, which can elevate him to the rank of a vice principal of his employer. Railway Co. v. Rogers, 6 C. C. A. 403, 57 Fed. 378; City of Minneapolis v. Lundin, 7 C. C. A. 344, 58 Fed. 525. We adhere to what was said in Thom v. Pittard, 8 U. S. App. 597, 611, 10 C. C. A. 358, and 62 Fed. 232: "These petty section officials surely do not occupy such official position, do not have such authority and control, as will justify the courts in holding that they represent the railroad company,—its alter ego, whose negligence is its negligence." The judgment of the circuit court is affirmed, with costs.