## STEWART v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. March 16, 1909.)

No. 1,769.

1. APPEAL AND ERROR (§ 1040*)—PREJUDICE—RULINGS ON PLEADINGS.

Rulings on pleadings will be regarded as academic, and not reviewed on a writ of error, where the counts of the complaint and the pleas which escaped or survived the demurrers were sufficient to justify all the evidence which could naturally and reasonably bear on the conditions and incidents of the cause of action sought to be presented.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089-4105; Dec. Dig. § 1040.*]

2. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMED RISK.

Plaintiff, at the time he was injured, with other employés, was engaged in raising a heavy pine stringer from a platform to a trestle on skids. About a month before a piece of plank three feet long and six or seven inches wide had been fitted into a hole in the platform, but had not been nailed down; but its insecurity was not obvious to casual inspection. As plaintiff and his fellow employés got the stringer partially up the skids, it became evident that they were losing control of it, when word was given to let go and get out of the way. Plaintiff turned and ran back to escape, but tripped on the piece of plank, fell on his face, was overtaken by the falling timber, and injured. Plaintiff had no knowledge of the condition of the platform, except such as he acquired in working on it on the day of the injury, and had not observed any defect therein. It also appeared that, but for plaintiff's tripping on the plank, he would have escaped. *Held*, that plaintiff did not assume the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574-600; Dec. Dig. § 217.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. S. Pleasants, for plaintiff in error.

Milton Humes and Paul Speake, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. This is an action for damages for personal injuries received by plaintiff in error in the service of defendant in error. The complaint contained counts based on the failure of the master to discharge the common-law duty of furnishing the servant a reasonably safe place in which to work, a count under subdivision 3 of section 1749 of the Code of 1896 of Alabama, averring the injury to have been caused by the negligence of a person in the service of defendant to whose orders plaintiff was, at the time of the injury, bound to conform, and did conform, and that his injuries resulted from his having so conformed, and a count based on subdivision 1 of section 1749 of the Alabama Code, supra, averring the injuries to have been caused by defects in the condition of the ways, works, machinery, or plant connected with or used in the business of defendant. The trial judge sustained demurrers to all counts of the complaint, except counts A and C. Count A averred the defect in the ways, works, and machinery, and count C averred as the proximate cause of the injury negligent failure to furnish a reasonably safe place for plaintiff to work.

We do not deem it necessary to notice in detail the action of the court on the pleadings, or its effect on the introduction of proof, because, in our view of the case as presented by the whole record, these questions are largely academic. The counts and pleas which escaped or survived the demurrers proved sufficient to let in all the testimony which could naturally and reasonably bear upon the conditions and incidents of the work in which the injury was received. When the proof was all in, the defendant moved the court for an affirmative charge in its behalf, which motion the court granted in these words:

"I charge you, gentlemen of the jury, to find a verdict for the defendant, if you believe the evidence in this case."

The assignment of errors contains 23 specifications, of which we notice only the last, to the effect that the court erred in giving the affirmative charge to find for the defendant.

The undisputed evidence shows that the plaintiff, with six others, one of whom was acting as "boss" of the work, were engaged in repairing a trestle leading up to a coal chute at a point on the line of the defendant's road; that this trestle, the width of the railroad track, ran up over a platform which was about 300 feet long and 60 feet wide. The work which the gang were engaged in, at the time of the accident which resulted in the injury, was raising from the platform to the trestle, which at that point was about 7 feet above the platform, a stringer, being a heavy piece of yellow pine timber, 25 feet long, 12 inches thick, and 16 inches wide. This stringer was being rolled up or slid up on two skids. One end of each skid rested on the platform, and the other end rested on the trestle. Before getting it fully up to its place, the gang discovered that they were losing control of it (a condition which it is shown was liable to oc-

cur), and that it was slipping back on them, and the word was given to let go and get out of the way. The others all succeeded in getting out of its way, and were uninjured. The plaintiff, whose position, with some others, was between the skids and facing the trestle, turned and ran back to make his escape, but tripped on a piece of plank about 2 feet in the rear of the lower ends of the skids, and fell on his face, and was overtaken by the falling timber, and injured. This piece of plank on which the plaintiff tripped had, a month or more previously to this time, been fitted into a hole in the platform, but had not been nailed down. This hole was about 3 feet long and 6 or 7 inches wide. The plank so fitted in was not quite as thick as the other flooring of the platform; but when it was resting in the hole it was not obvious to casual inspection that it was a loose plank, not nailed down, and not part of the substantial flooring of the platform. The plaintiff had no knowledge of the condition of the platform, except such as he acquired in doing the work at which he was engaged the day he was injured, and had not observed that there was any defect in the platform. How the plank got jostled out of its place in the hole, so as to have one end of it sufficiently above the rest of the platform to trip a person running over it, the proof does not directly show. The evidence tends to show that, but for his tripping on this plank, the plaintiff could and would have made his escape from the falling timber, and would not have been injured.

We think it appears from the record that the trial judge considered that the plaintiff was charged with the assumption of the risk resulting from the condition of the platform as just indicated, and that therefore the defendant was entitled to the affirmative charge. In support of this view, counsel for the defendant relies largely on the decision of this court in the case of Texas & Pacific Ry. Co. v. Rogers, 57 Fed. 378, 6 C. C. A. 403. But the cases are very different. In that case we quoted with approval Wood on Railway Laws, §§ 37? and 386:

"A servant is bound to see patent and obvious defects in appliances furnished him, and assumes all patent and obvious risks as well as those incident to the business: and where he knows or ought to know of the defect in the appliances, and continues to work with the same, and receives injuries therefrom, he is treated as guilty of contributory negligence and cannot recover. * * * The servant, in order to recover for the defects in appliances in business, is called upon to establish three propositions: (1) That the appliance was defective: (2) that the master had notice thereof or knowledge, or ought to have had; (3) that the servant did not know of the defect, and had not equal means of knowing with the master."

All of which was applicable as it was applied to the case of Texas & Pacific Ry. Co. v. Rogers, but is clearly not applicable to the case now before us, as we have recited its conditions.

For this error of the learned trial judge, the judgment of the court below must be, and hereby is, reversed and remanded, with instructions to that court to award the plaintiff a new trial.