### NASHVILLE RY. & LIGHT CO. et al. v. BUNN et al.

(Circuit Court of Appeals, Sixth. Circuit. April 9. 1909.)

No. 1,865.

1. APPEAL AND ERROR (§ 5*)—MODE OF REVIEW—NATURE OF PROCEEDINGS.

　　A receiver having been appointed for a street railway company in mortgage foreclosure proceedings, defendants in error filed intervening petitions claiming damages for personal injuries, and were awarded in that proceeding judgment for damages by a special master which under state statute were entitled to preference out of the fund arising from a foreclosure sale. *Held*, that such proceedings partook of the nature of the suit in which they were conducted, and were therefore in equity and not of law, so that the judgments were reviewable on appeal only, and not by writ of error, as provided by Rev. St. §§ 691, 692 (U. S. Comp. St. 1901, p. 566).

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. § 5.*]

2. RECEIVERS (§ 174*)—ACTIONS—JURISDICTION.

　　Under Act Cong. March 3, 1887, c. 373, § 3, 24 Stat. 554, as corrected by Act Aug. 13, 1888, c. 866. § 3. 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), providing that actions against a receiver, concerning the property in his possession, may be prosecuted in any court having jurisdiction, without leave of the court appointing the receiver, persons injured by the operation of a street railway by a receiver appointed in mortgage foreclosure proceedings in a federal court were not bound to apply for an allowance of damages in such proceedings, but could reduce their claim to judgment in a state or other court having jurisdiction.

　　[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 174.*

　　Actions by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

3. JURY (§ 14*)—RIGHT TO TRIAL BY—FORECLOSURE OF MORTGAGE.

　　Where, in proceedings for the foreclosure of a street railroad mortgage, persons injured by the operation of the road by a receiver intervened for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an allowance of damages, the court could have submitted the question of negligence and damages for a jury, but was not bound to do so, as the verdict would be advisory only.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 14.*]

4. EQUITY (§ 377*)—"FEIGNED ISSUE."

A "feigned issue" is an issue submitted to the jury in an equity case for the assistance and advice of the court.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 377.*

For other definitions, see Words and Phrases, vol. 3, p. 2716.]

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

R. F. Jackson, for plaintiff in error.

Before LURTON and SEVERENS, Circuit Judges, and TAYLER, District Judge.

LURTON, Circuit Judge. This is a writ of error to reverse judgments in favor of the defendant in error and against the plaintiffs in error. These judgments were for personal injuries sustained by the defendants in error through the alleged negligent operation of the street railway company by its receiver. The receiver had been appointed under a mortgage foreclosure proceeding, and the defendants in error filed interventions claiming damages, and that their claims, under a Tennessee statute, were entitled to preference over the mortgage under foreclosure. The negligence charged was denied, as well as any right of preference out of the proceeds of the mortgaged property.

The issues thus made up were referred by the court to H. M. Doak as special master, with directions to take proof and report same, together with his finding of law and fact, to the court. The master, upon the evidence and the law, reported against the plaintiffs in error, awarding to Mary Bunn, $8,000, and to J. W. Bunn $1,500, and that these damages were entitled to preferences out of the fund arising under the foreclosure sale. The case is now heard upon a motion to dismiss the writ of error as not the proper proceeding for review of the judgments complained of.

The cause in which the defendants filed their intervening petition was one "in equity," as distinguished from an action at law, and the judgments or decrees in that case, whether upon matter involving common-law principles or equity jurisprudence, are judgments or decrees rendered in an equity case. That the subject-matter of the interventions was a tort does not deprive the judgment of its status as a judgment in an equity case, for the character of the principal suit gives color to every judgment and decree pronounced in that case. Having jurisdiction over the property of the railway company through the mortgage foreclosure proceeding and the appointment of a receiver, the Circuit Court drew to itself jurisdiction over all claims against the property in its custody, irrespective of any other ground of federal or equity jurisdiction, and over all suits against its receivers for demands growing out of his operation of the property. This jurisdiction of actions against receivers is in equity, exclusive of all other courts, unless leave

to sue in some other court is obtained, and a suit without such permission is a contempt.   Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796.

With respect to the exclusiveness of this jurisdiction in suits growing out of the operation by a receiver of the property in his possession, Congress has enacted that such suits may be brought in any court, having jurisdiction otherwise, without leave of the court appointing the receiver.   Act March 3, 1887, c. 373, § 3, 24 Stat. 554, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433, 436 (U. S. Comp. St. 1901, p. 582);  Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829.   Thus the defendants in error were at liberty to bring their suit to reduce their claim to a judgment in a state court had they seen fit, or they might intervene in the foreclosure suit and obtain not only a judgment for damages, but have their status against the fund in the custody of the court determined in a single proceeding.   That such an intervention was a proceeding in equity, irrespective of the character of the claim presented, is beyond question.   It was within the discretion of the court to have called a jury and submitted to it the question of negligence and damages.   Such a practice is well settled.   But in that event the verdict of the jury would have been advisory, and might have been disregarded and judgment rendered upon the evidence without regard to the verdict.   In re Neasmith, 147 Fed. 160, 163, 77 C. C. A. 402; 2 Daniell's Chan. Pleading & Pr. (5th Ed.) 1148; Johnson v. Harmon, 94 U. S. 371, 24 L. Ed. 271;  Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Idaho & Oregon Land Co. v. Bradbury, 132 U. S. 509, 516, 10 Sup. Ct. 177, 33 L. Ed. 433; Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, 37 L. Ed. 150; Flippen v. Kimball, 87 Fed. 258, 31 C. C. A. 282.   This is precisely what was done in Kohn v. McNulta and Flippen v. Kimball, cited above, the proceedings being interventions by employés of the court's receiver injured while in his service.   So the chancellor may send an issue involving a purely legal question to a court of law to be there tried by a jury.   But even in such a case applications for a new trial are not made to the court of law, but must be made to the chancery court, after the proceedings are certified back.   Johnson v. Harmon, 94 U. S. 371, 378, 24 L. Ed. 271. Where a verdict has no obligatory effect, as is the case with one in equity, there is no use for a bill of exceptions, except in so far as it may be useful upon a motion for a new trial.   Indeed, the issue so submitted to a jury called in an equity case is called a "feigned issue," because of its purely advisory character.   A court of equity not infrequently finds itself called upon to determine purely legal questions, sometimes arising under the matter of the original bill and sometimes arising upon an intervention.   The practice in both is the same.   The chancellor may call a jury or may refer the matter to a master or hear it himself.   A bill of exceptions for the purpose of reviewing the trial before the jury in a superior court is an anomalous piece of useless lumber.

Manifestly, it follows that the subject-matter of a judgment or decree in a court of equity has no function in determining the method of revising such judgment.   It is, after all, nothing more or less than a judgment or decree in an equity case, and can be revised only by the

procedure under which judgments and decrees of an equity court are revised.

The plaintiffs in error have resorted to a writ of error. Is it possible that a writ of error will lie to revise a judgment or decree in "cases in equity"? Aside from a rehearing allowed by the chancellor in his discretion, and the ancient practice under bills of review, there is but one method of revising the judgments and decrees of a court of equity, and that is by an appeal. An appeal is itself a rehearing by a superior court upon fact and law. 2 Daniell's Chan. Pleading & Pr. (5th Ed.) 1459. The distinction between a writ of error, which brings up the record in an action at law for a review of questions of law only, and an appeal, which involves a rehearing upon both the facts and law, is vital. These remedies have their origin and functions in the inherent difference between courts of law and courts of equity, differences which are recognized in the Constitution of the United States and the laws of Congress. The writ of error is a common-law writ, and searches the record for errors of law in the final judgment of a common-law court. If error is found, the judgment awards a venire facias de novo. Parsons v. Bedford, 3 Pet. 446, 448, 7 L. Ed. 732. The appeal is a procedure which comes to us from the civil law along with the fundamentals which go to make up the jurisprudence of a court of equity. Its office is to remove the entire cause, and it subjects the transcript to a scrutiny of fact and law, and is, in substance, a new trial. Notwithstanding the constitutional recognition of the difference between actions at common law and suits in equity, and the fundamental distinction between a review by appeal and by writ of error, our original judiciary act confounded the two methods of review by providing that judgments of Circuit Courts in equity and admiralty cases and in actions at law should be reviewed by the Supreme Court only upon writs of error. This common-law procedure applied to equity cases operated to deprive the Supreme Court of all power to review the facts, and limited that court to correction of errors of law upon facts found. See Act Sept. 24, 1789, §§ 19, 22–25, 1 Stat. 83–85; Wiscart v. D'Auchy, 3 Dall. 327, 1 L. Ed. 619; Jones v. La Valette, 5 Wall. 579, 18 L. Ed. 550; Dower v. Richards, 151 U. S. 658, 663, 14 Sup. Ct. 452, 38 L. Ed. 305. It was not until Act March 3, 1803, c. 40, 2 Stat. 244, that the remedy by appeal was substituted for the writ of error in cases in equity. The San Pedro, 2 Wheat. 132, 4 L. Ed. 202. Since that time these methods of review have been exclusive of each other, and a decree or judgment in a case in equity can come here only by appeal, and a judgment in an action at law must come by writ of error. Thus section 691, Rev. St. (U. S. Comp. St. 1901, p. 566), provides that "final judgments, * * * in civil actions" may be re-examined and reversed or affirmed "upon a writ of error." On the other hand, section 692, Rev. St., provides "that an appeal shall be allowed * * * from all final decrees of any Circuit Court in cases in equity."

If an intervention in a case in equity is a proceeding in equity, and the judgment thereon is a judgment in a case in equity, the judgments here complained of can be reviewed only upon an appeal, and the writ of error must be dismissed. That the practice is so settled is clear. If

there are few direct expressions upon the subject, it is because the practice has been substantially one way. The learned attorneys for the plaintiffs in error have cited and relied upon Rouse v. Hornsby, 67 Fed. 219, 14 C. C. A. 377. In that case a judgment upon an intervening petition in a foreclosure suit for a personal injury was taken up both by appeal and writ of error. The court dismissed the appeal, and sustained the writ of error. The judgment does not meet with our approval. Neither does it appear that the opinion upon that point met with the approval of the Supreme Court. It was taken upon error to that court, and dismissed as a final judgment under section 6 of the judiciary act of March 3, 1891, c. 551, 26 Stat. 1085 (U. S. Comp. St. 1901, p. 1296), as not subject to review by writ of error or appeal. Referring to the procedure upon which the Circuit Court of Appeals for the Eighth Circuit had taken jurisdiction, the court said:

"As the final order below was affirmed by the Circuit Court of Appeals, we are not called upon to entertain jurisdiction simply because that affirmance was entered on the writ of error rather than the appeal." Rouse v. Hornsby, 161 U. S. 588, 16 Sup. Ct. 588, 40 L. Ed. 817.

In Eddy v. Letcher, 57 Fed. 115, 6 C. C. A. 276, the same Circuit Court of Appeals heard and affirmed a similar case upon an appeal. This opinion is not referred to in Rouse v. Hornsby. In Central Trust Co. v. Madden, 70 Fed. 451, 17 C. C. A. 236, the Court of Appeals of the Fourth Circuit entertained jurisdiction upon an appeal from a judgment for personal injuries in favor of an intervener in a mortgage foreclosure suit, the opinion being by Fuller, C. J. In Flippen v. Kimball, 87 Fed. 258, 31 C. C. A. 282, the same court entertained an appeal from a judgment for personal injuries in favor of an intervener who had been hurt while in the service of the court's receiver. There had been a jury, who returned a verdict for the intervener. The court disregarded this verdict and dismissed the petition. The court held that the verdict was advisory only, and that it was for the trial court to determine its force and effect. The judgment was affirmed.

In Kohn v. McNulta, 147 U. S. 238, 240, 13 Sup. Ct. 298, 3 L. Ed. 150, there was a judgment for a personal injury in favor of an intervener in a mortgage foreclosure case. The Circuit Court submitted the issues to a jury, who found his damage to be $10,000. The court for itself examined the evidence, set aside the verdict, and dismissed the petition. The intervener carried the case by appeal to the Supreme Court. That court said:

"So far as the mere matter of procedure is concerned, there was obviously no error. The intervention was a proceeding in a court of equity, and that court may direct a verdict by a jury upon any single fact, or upon all the matters in dispute; but such verdict is not binding upon the judgment of the court. It is advisory simply, and the court may disregard it entirely, or adopt it either partially or in toto."

The conclusion we reach is that the writ of error must be dismissed, and it is accordingly so ordered.