HUNT et al. v. HOWES et al.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1896.)

No. 406.

PRACTICE ON APPEAL—DISMISSAL FOR WANT OF JURISDICTION—COSTS.

Plaintiffs brought an action in the United States circuit court, whose jurisdiction of the case rested wholly upon diverse citizenship, alleging in their complaint that they were residents of the state of Montana, but failing to allege that they were citizens thereof. The defendants answered. There was a protracted trial of the case, resulting in a verdict and judgment for the plaintiffs. The defendants moved for a new trial, upon numerous grounds. This motion was denied. The defendants then presented voluminous bills of exceptions, sued out a writ of error, and presented numerous assignments of error. At no stage of the proceedings, until the hearing in the circuit court of appeals, did the defendants suggest the defect in the allegations of citizenship, nor the want of jurisdiction; but, upon such hearing, they moved to dismiss the writ of error, and remand the cause, with instructions to dismiss it, for want of jurisdiction. It clearly appeared from the record, though not by direct averment, that the necessary diversity of citizenship existed. *Held* that, as the court was without jurisdiction, because of the defective averment, the cause would be remanded for appropriate action by the circuit court, which might, in its discretion, permit an amendment; but, as the writ of error was superfluous, the costs thereof would be taxed against the defendants. Boarman, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action by Howes & Strevell against T. C. Hunt and others. There were verdict and judgment for plaintiffs. Defendants' motion for new trial was overruled, whereupon they bring their writ of error.

W. H. Webster, for plaintiffs in error.

Geo. H. Noyes, for defendants in error.

Before McCORMICK, Circuit Judge, and BOARMAN and SPEER, District Judges.

SPEER, District Judge. The plaintiffs, Howes & Strevell, averring themselves to be residents of Miles City, in the county of Custer, in the state of Montana, sued the defendants, who, it appears, are citizens of the Northern district of Texas. On the trial, verdict and judgment were rendered in behalf of the plaintiffs. Motion for new trial was made by the defendants, which was overruled, and the cause was brought here by writ of error.

When called for disposition, counsel for plaintiffs in error moved to dismiss the writ of error, and to remand the case, with instructions to the circuit court to dismiss it, because the record wholly failed to disclose the proper diversity of citizenship necessary to confer jurisdiction upon the circuit court or upon this court. It is well settled that the necessary diversity of citizenship must appear in the record in order to give jurisdiction to a court of the United States, where such diversity is relied upon for that purpose. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193. In the latter case, which was an action

v.74F.no.6—42

in the circuit court of the United States by an administrator against an insurance company, although it appeared that the intestate was a citizen of the state in which the action was brought, and that letters of administration were granted the plaintiff in that state, and that the defendant was a citizen of another state, but where there was a failure to allege the citizenship of the administrator himself, it was held that the circuit court did not have jurisdiction, and that the absent averment could not be supplied by an amendment offered in the supreme court. It was further held, however, that the court below, after the case had been remanded, might, in its discretion, allow the amendment to be made. "The jurisdiction must positively appear. It is not enough that it may be inferred argumentatively." Browne v. Keene, 8 Pet. 112; Robertson v. Cease, 97 U. S. 646. And therefore a statement that the plaintiff is a resident of a state other than that of the defendant will not suffice.

Notwithstanding the absence of jurisdiction, because of the defective averments above specified, we have, as an inherent power of an appellate court, jurisdiction to dismiss the writ of error, and remand the cause for the appropriate action of the circuit court; and, upon the motion of the plaintiffs in error, it will be so ordered.

This brings us to an important consideration, presented by the motion of the defendants in error, viz. that the costs of the appeal should be taxed on the plaintiffs in error. In support of this motion, several important suggestions are presented for the consideration of the court. It is sufficiently made to appear from the record that the defendants reside in the state of Texas. It is otherwise evident that the assignors or original payees of one of the bonds upon which the action was based were, in fact, citizens of the state of Montana. The residence and the place of business of these plaintiffs were for a long time in Custer county, in the latter state. This was well known to the defendants in the circuit court, who are the plaintiffs in error here. Further, the cause was closely contested before the court and jury; and when, after an arduous and protracted trial, verdict and judgment for a large amount were rendered for the plaintiffs, a motion for new trial was made, and 13 distinct grounds were indicated as reasons why the verdict should be set aside, and a new trial granted. These were all overruled. Then the defendants presented to the trial judge 11 bills of exceptions, voluminous enough to compass 42 pages of the printed record. In all of this defensive literature no intimation was given, either to the court or to the plaintiffs, that the fatal want of jurisdiction appeared. No motion in arrest of judgment was made. But this was not all. The defendants in the circuit court, in framing their application for writ of error and supersedeas, presented 16 assignments of error, covering 8 additional pages of the printed record before us; and still no opportunity was offered the plaintiffs to retrieve their inadvertence, or to the court to take the appropriate order. But it is said that it is no part of the defendants' business to make out the plaintiffs' case. It is certain, however, that it was the business of the defendants' counsel to deal openly and fairly with the court. The day for brilliant strategical displays in judicial trials has departed. Nor is a court of the United States a congenial spot for surprisals and

ambuscades. The defendants even now refrain from suggesting that they did not discover this defect while the cause was pending, and yet it is not to be questioned that the citizenship of the plaintiffs, if properly averred, would have supported the jurisdiction. Now, whatever difference of opinion there may be as to the obligation of the defendants to make plaintiffs aware of the technical, but fatal, oversight, the noblesse of the robe—indeed, the moral and legal obligation of frankness and fairness to the court—required that learned counsel should not put the judge himself on trial for error before this court without disclosing to him the attack they would make; and yet no exception for want of jurisdiction in the court below was incorporated in the numerous assignments of error, and for the first time is this objection made when the cause is sounded for argument before this court.

It is settled that, when a decree or judgment of the circuit court is reversed for want of jurisdiction in this court, we make such order in respect to the costs as justice and right may seem to require. Railway Co. v. Swan, supra; Hancock v. Holbrook, 112 U. S. 229, 5 Sup. Ct. 115; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287. The courts of the United States are courts of limited jurisdiction. The judges of these courts, in the proper performance of their duty, carefully refrain from entertaining a cause, unless the jurisdiction affirmatively appears. Whenever it appears in a case in these courts that jurisdiction does not exist, the court will, on its own motion, raise the question, and dismiss the cause. This, in numerous cases, has been held to be the duty of the court; and counsel, who are, or ought to be, aware of a palpable absence of jurisdiction, may not sit by during the trial of the cause, and, after all the proceedings in the latter court have been completed, then present their bill of exceptions, and bring the cause on a writ of error to this court, without incurring the consequences of the useless and expensive performance. The objection to the want of jurisdiction should have been made in limine, and, if not presented then, it would have been competent and proper after verdict for the defendants to have made a motion in arrest of judgment. They did not choose to do so, but themselves brought to this court the record, which, at a glance, we are compelled to remand. It cannot be questioned that if the learned judge of the court below had been informed at any stage of the proceedings before him that the plaintiffs merely alleged that they were residents, and failed to allege that they were citizens, of another state than that of which the defendants were citizens, he would have declined to hear the cause. The proceedings by writ of error were therefore superfluous, and order will be taken that plaintiffs in error, who instituted them, should pay the costs therefor.

### On Petition for Rehearing.

(June 9, 1896.)

The application is stated in the petition for rehearing as follows:

"The petition of T. C. Hunt, R. F. Olden, C. C. High, J. L. Tindall, E. B. Estes, and Jack Hittson, plaintiffs in error in the above-entitled cause, respect-

fully represents: That your petitioners pray for a rehearing in said cause, and for grounds of said rehearing assign the following, to wit:

"(1) The court erred in dismissing the writ of error herein, and that portion of the decree entered in this cause dismissing the said writ of error is absolutely contradictory to the remainder of the decree, which remands the cause to the circuit court 'with instructions to set aside the judgment and verdict, and to dismiss the cause in that court unless jurisdiction is hereafter made to appear by appropriate pleadings.' This decree distinctly finds error, and distinctly sets aside the judgment and verdict. It is impossible at the same time to dismiss the writ and reverse the case. We respectfully submit that the court has in this matter drifted into an error, and that the proper order to be rendered is to reverse the case, and remand it, with instructions. This is the fixed jurisprudence of this court. See Railway Co. v. Rogers, 13 U. S. App. 554, at top, 6 C. C. A. 403, 57 Fed. 378. And it is also the fixed jurisprudence of the supreme court of the United States. Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966; Peper v. Fordyce, 119 U. S. 472, 7 Sup. Ct. 287.

"(2) The court erred in condemning plaintiffs in error for costs herein when the errors in pleading were those of defendants in error alone, and not of plaintiffs in error.

"Wherefore petitioners pray that your honors will grant a rehearing herein, and upon such rehearing modify your former decree, and render a decree reversing and remanding this cause, with instructions to the circuit court to dismiss the suit unless by proper amendment the jurisdiction of the circuit court is made to appear of record, and that defendants in error be mulcted in costs. And petitioners pray for all further and general relief."

The application for rehearing not only presents the ground upon which the plaintiffs insist that the court has erred, but also the authorities in view of which a reconsideration of its action is requested of the court.

With regard to the first ground, which is to the effect that it was erroneous to dismiss the writ of error and remand the cause, we may remark that it is not necessary to discuss the extreme view on this subject adopted by counsel for the application, for the reason that, before the petition for rehearing had received the attention of the members of the court, it was determined to so change the judgment and mandate as to make it conform to the opinion filed in the cause, and that opinion announced that the writ of error was superfluous. The opinion elsewhere stated that the objection to the want of jurisdiction should have been made in limine, and if not presented there it would have been competent and proper, after verdict, for the defendants to have made a motion in arrest of judgment. They did not choose to do so, but themselves brought to this court the record which, at a glance, we are compelled to remand. It follows, therefore, that it was the purpose of the court to remand the cause with instructions, and we now correct the technical inadvertence of the mandate to the effect that the writ of error should be dismissed.

With regard to the second ground of application for rehearing, namely, that "the court erred in condemning the plaintiffs in error for costs herein when the errors herein were those of defendants in error alone, and not those of plaintiffs in error," we have not been able to concur in the proposition of the learned counsel. In the first place, we are obliged to point out the fact that neither in the opinion of the court nor in the original judgment were the plaintiffs in error mulcted with the costs generally in the lower

court. The penalty imposed on the parties who brought to this court a record which, with absolute facility, might have been disposed of in the circuit court, is not so severe as learned counsel opine. This is easily gathered from the opinion on file. The language is that defendants' "counsel, who are, or ought to be, aware of the palpable absence of jurisdiction, may not sit by during the trial of the cause, and, after all the proceedings in the lower court have been completed, then present their bill of exception, and bring the cause on writ of error to this court, without incurring the consequences of a useless and expensive performance." What useless and expensive performance? Obviously, that of bringing the cause by writ of error to this court. Elsewhere in the opinion it is stated:

"The proceedings by writ of error were therefore superfluous, and order will be taken that the plaintiffs in error, who instituted them, should pay the costs therefor."

Indeed, we think that the judgment, as originally drawn, quite clearly presents the conclusions of the court that the costs in this court, and such costs, only, of the writ of error in the court below as were necessary to perfect it, were made chargeable to the plaintiffs in error, and that it was not the purpose of the court at any time to mulct the plaintiffs in error with all the costs of the court below. Notwithstanding this, however, the amended judgment will carefully guard against the construction that the plaintiffs in error were made liable for all costs, which the counsel for plaintiffs in error seem to adopt, in the ground of their motion above quoted.

We are also unable to adopt the opinion of counsel that their client should not be made to pay the costs resulting from the writ of error. In their astute argument for the rehearing this language is used:

"The court mulcts the plaintiffs in error for the costs of the appeal for the reason, as is stated in the opinion, that it was the business of defendants' counsel to deal openly and fairly with the court, and for the reason, as is further stated, that the moral and legal obligation of frankness and of fairness to the court required that the learned counsel should not put the judge himself on trial for error before this court without disclosing to him the attack they would make."

This, counsel said, they have not the slightest inclination to dispute. To fully comprehend such cogency as this language of the court may possess, it is essential to understand the immediate context in the opinion, with which we have not been favored in the brief, from which the foregoing extract has been taken. The language of the court preceding this extract was:

"But it is said that it is no part of defendants' business to make out the plaintiffs' case. It is certain, however, that it was the business of defendants' counsel to deal openly and fairly with the court. The day for brilliant strategical displays in judicial trials has departed. Nor is a court of the United States a congenial spot for surprisals and ambuscades. The defendants even now refrain from suggesting that they did not discover this defect while the cause was pending, and yet it may not be questioned that the citizenship of the plaintiffs, if properly averred, would have supported the jurisdiction."

Now, since it was apparent that the plaintiffs in the circuit court were really citizens, and not merely residents, of Montana, any suggestion of the defective affirmation in the court below would have saved us all this trouble. The language above quoted in the opinion was written with what was then deemed to be a clear understanding of the position of counsel moving to reverse the judgment of the court below and to dismiss the cause for want of jurisdiction. It was scarcely conceivable that counsel in the circuit court were not aware of the nature and extent of the affirmation as to diversity of citizenship as stated in the record. As stated in the opinion:

"It is otherwise evident that the assignors or original payees of one of the bonds upon which the suit was had were, in fact, citizens of the state of Montana. The residence and place of business of these plaintiffs were for a long time in Custer county, in the latter state. This was well known to defendants in the circuit court, who are the plaintiffs in error here. Further, the cause was closely contested before the court and jury; and, when, after an arduous and protracted trial, verdict and judgment for a large amount were rendered for the plaintiffs, a motion for new trial was made, and 13 different grounds were indicated as reasons why the verdict should be set aside, and a new trial granted. These were all overruled. Then the defendants presented to the trial judge 11 bills of exception, voluminous enough to compass 42 pages of printed record. In all of this defensive literature no intimation was given, either to the court or to the plaintiffs, that the fatal want of jurisdiction appeared. * * * The defendants in the circuit court, in framing their application for writ of error and supersedeas, presented 16 assignments of error, covering 8 additional pages of the printed record before us, and still no opportunity was afforded plaintiffs to redress their inadvertence, or to the court to take the appropriate order."

How was it possible for the court to apprehend that they were not aware that the jurisdiction did not exist without attributing to the learned counsel who appeared in the court below some small degree of ignorance of the law? We could not, with due respect to the well-known erudition of the profession, reach that conclusion, and, had we done so, it could not have altered the results. "Ignorantia juris non excusat." Grounds and Rudiments of the Law, p. 141. This is specially applicable to the rules of practice, and any deviation from them will entail consequences detrimental to the suitors. Martindale v. Falkner (Maule, J.) 2 C. B. 719, 720. We happily receive the assurance of the learned counsel in this court that the learned counsel in the circuit court had not noticed the defect of jurisdiction, and that it was observed for the first time when the record received the scrutiny of counsel who appeared here, and after the decision presented this application for rehearing. Unhappily, however, we must regard the conduct of the cause as an entirety. We are now satisfied that no advantage was sought by the failure to disclose the defect of jurisdiction on the trial of the cause in the circuit court. There was, however, even if we regard the proceedings in the most favorable light possible, a mutual mistake. This existed in the fact that the plaintiffs in the circuit court did not allege in their pleadings the essentials of jurisdiction in that court, and, indeed, in this cause of the diversity of citizenship. The defendants' counsel in the circuit court, notwithstanding the fact that they subjected the record to a most searching scrutiny, made necessary by a trial, a motion for a new trial, and the preparation of the exception, did not dis-

cover this obvious but conclusive defect in the pleadings. The "noblesse de robe," for which this court in its opinion, and counsel in the argument for rehearing, expressed the keenest solicitude, is maintained in all of its accustomed luster. And yet we are confronted by the hard condition that there was actually the useless and expensive performance on the part of the plaintiffs in error of bringing the cause by writ of error to this court. Certainly, then, there was a mutuality of mistake, and, we may say, an embarrassing mistake, which has taken up much of the time of this term which might have been appropriated to causes of which we have jurisdiction, and the mutuality of the responsibility therefor imposed by the judgment of the court, we think, was not only proper, but considerate in its leniency.

Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, is cited by counsel for the application, somewhat unfortunately for their contention. There the principle is announced that, when a decree or judgment of the circuit court is reversed for want of jurisdiction in that court, this court will make such order in respect to the costs of appeal as justice and right may seem to require. That was a suit brought where there was no jurisdiction because of the want of that diversity of citizenship between the parties which the law requires. Mr. Chief Justice Waite, for the court, observes:

"It only remains to consider the question of costs for in Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, and Hancock v. Holbrook, 112 U. S. 229, 5 Sup. Ct. 115, it was held that, upon reversal for want of jurisdiction in the circuit court, this court may make such order in respect to the costs of the appeal as justice and right shall seem to require. Here the error is attributable equally to both parties. Fordyce sued originally in the circuit court, when, upon the face of his bill, it appeared there was no jurisdiction. Without discontinuing that suit, he sued again in the state court upon what was substantially the same cause of action, and to obtain substantially the same relief. This suit Peper & Latta caused to be removed to the circuit court, and in their petition set forth a state of facts which showed that the cause was not removable. The cause was then entered in the circuit court, and an answer and a cross appeal filed by Peper & Latta, without any attempt on the part of Fordyce or Moore to have the suit remanded, and without even calling the attention of the court to the question of jurisdiction. On the contrary, after the answer and before the cross appeal, Fordyce moved for and obtained an order that the two cases—that which he had brought in the circuit court of the United States, and that which Peper & Latta had removed there—be heard as one, under the title of his own suit in that court. The cases then proceeded without objection by either party until after a final decree below and the appeal by Peper & Latta to this court. Under these circumstances we order that the costs of this court be divided equally between parties, each paying half. The decree of the circuit court is reversed for want of jurisdiction in the circuit court, and the cause remanded, with instructions to dismiss the bill filed originally in that court by Fordyce against Peper & Latta, without prejudice, and to remand the suit removed from the state court; each party to pay his own costs in the circuit court."

There is much similarity between that case and this now before the court. But it is said that we did not impose costs as a penalty in the similar case of Railway Co. v. Rogers, 13 U. S. App. 554, 6 C. C. A. 403, and 57 Fed. 378. Had we done so, it is probable the present controversy would have been avoided. Be this as it may, it is sufficient to say that no such motion was made in that case. We think

that the decision of this court with respect to the costs of the writ of error was that which justice and right seemed to require, and the application for rehearing is denied.

For dissenting opinion of Boarman, District Judge, see 74 Fed. 1008.