HOUSTON et al. v. FILER & STOWELL CO., Limited.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

No. 706.

COSTS—GROUNDS FOR IMPOSING—FAILURE TO SHOW JURISDICTION.

Where the time of a court has been taken up in the trial of a cause upon a declaration which does not show jurisdiction, the fault is essentially that of plaintiff or his counsel, and he may properly be charged with the costs; and the court will not undertake to inquire whether counsel for defendant had knowledge of the fact, and failed in his duty to bring it to the court's attention.

On Motion to Modify Mandate. For former opinion, see 104 Fed. 163.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER. CURIAM. The defendant in error has moved for a modification of the mandate in respect to costs, and, in a brief upon the motion, has called attention to the opinions and ruling in Hunt v. Howes, 21 C. C. A. 356, 74 Fed. 657, decided in the Fifth circuit. The court in that case gave an impressive exposition of the duty of counsel for defendant to disclose to the court any defect in the averments of the declaration touching the jurisdiction of the court, but in the first opinion, besides proceeding upon an essential mistake of fact, notably left out of consideration any corresponding duty or responsibility on the part of counsel by whom the declaration was prepared, and the suit prosecuted through the numerous steps rehearsed. In the end it appeared that counsel who conducted the trial were guilty of no intentional dereliction of duty, and that the defect in the declaration was not discovered until after the removal of the cause to the court of appeals, and then by new counsel employed by the plaintiff in error; and, this fact having been brought to the knowledge of the court on the petition for a rehearing, it was held that there had been a mutual mistake, which justified the judgment of the court charging the entire costs of the writ of error upon the plaintiffs in error as "not only proper, but considerate in its leniency." The primary and essential fault in every such case is necessarily with the plaintiff, whose duty it is to embody in his declaration or bill the requisite jurisdictional averments. There is no corresponding duty on the part of defendant or his counsel, and there cannot, therefore, be a mutual mistake for which, equally with the plaintiff, the defendant should be held responsible. The neglect of the plaintiff is of a positive duty. The fault of the defendant, unless intentional, can be only negative. If the time of the court is taken either for a great or a short while in the hearing of a case upon a declaration which does not show jurisdiction, blame necessarily belongs to the plaintiff, and the costs, therefore, may be justly charged against him. To exempt him from costs is to encourage a like carelessness on the part of other suitors; and to undertake an inquiry whether counsel for the defendant, with knowledge of the fact, had failed, as in duty bound, to call attention to the lack of

jurisdiction, would lead in most cases to contention, likely to be unseemly and derogatory to the public interest in the orderly administration of justice. There has been here no assertion or attempt to show that the plaintiffs in error or their counsel were guilty of misconduct in the premises. The motion is denied.