In re PHILADELPHIA & LEWES TRANSP. CO.

(District Court, E. D. Pennsylvania.  February 9, 1904.)

No. 1,281.

1. BANKRUPTCY—COSTS—DISMISSAL OF PETITION FOR WANT OF JURISDICTION.
    Where proceedings in involuntary bankruptcy against a corporation are dismissed because the defendant is not within the class of corporations which may be adjudged bankrupt, the same rule applies as in other cases where suits are dismissed for want of jurisdiction, and the court can make no order awarding costs.

In Bankruptcy.  On question of costs.
See (D. C.) 114 Fed. 403.

Horace L. Cheyney, for petitioners.
Ira Jewell Williams, for alleged bankrupt.

J. B. McPHERSON, District Judge.  In this case the court dismissed the petition upon the ground that the defendant was a transportation company, and could not be adjudged a bankrupt because the act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], does not apply to such companies:  (D. C.) 114 Fed. 403.  The petitioning creditors now ask that an order may be made directing the money deposited for costs to be returned to them, and the transportation company asks that an order may be made directing a docket fee of $20 to be paid to its counsel.  The order is asked for under general order 34 (89 Fed. xiii), which provides:

"In cases of involuntary bankruptcy, when the debtor resists an adjudication, and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover, and be paid out of the estate, the same costs that are allowed to a party recovering in a suit in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner."

Under this section costs have been decided to be taxable (In re Ghiglione [D. C.] 1 Am. Bankr. Rep. 580, 93 Fed. 186, and In re Morris [D. C.] 115 Fed. 591); but these were cases where the court had jurisdiction of the parties, and the petitions were dismissed on the merits.  I see no reason why the rule which denies to a court the power to award costs when a case is dismissed for want of jurisdiction (Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451) should not prevail in a court of bankruptcy as well as in other tribunals.

The order asked for by the plaintiffs may be entered.