MEXICAN CENT. RY. CO., Limited, v. ROBINSON. (Circuit Court of Appeals, Fifth Circuit. April 5, 1904.) No. 1,225. In Error to the Circuit Court of the United States for the Western District of Texas. T. A. Falvey and Waters Davis, for plaintiff in error. Millard Patterson and J. A. Buckler, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the court is of the opinion that there is no reversible error in the record, and the judgment is therefore affirmed.

PARDEE, Circuit Judge (dissenting). This case was instituted in the Circuit Court on the following allegation as to jurisdiction: "The petition of H. A. Robinson, an American citizen, and a citizen of and a resident in El Paso county, state of Texas, and of the Western District of Texas, and who complains of the Mexican Central Railway Company, Limited, a railroad corporation duly and legally incorporated by and under the laws of the state of Massachusetts, and which has its residence and domicile in the said state of Massachusetts, and which has a local agent representing it in El Paso county, Texas." A duly reserved bill of exceptions shows the following proceedings before the court: "H. A. Robinson v. The Mexican Central Railway Company, Limited. No. 298. Be it remembered: That at the April term of said court, A. D. 1902, the above styled and numbered cause being called for trial, both plaintiff and defendant announced ready for trial, whereupon a jury consisting of twelve good and lawful jurors were selected by the parties and duly impaneled by the court to try said cause. That the plaintiff's counsel introduced plaintiff himself as witness, and examined him ful'y touching his entire cause of action as set out in his petition filed in this cause. That defendant's counsel, on cross-examination of plaintiff, showed by him that he was born in Canada, and that at the time he was born in Canada his parents lived there, his father having been born in England, and that he (plaintiff) had never taken out any citizenship papers, and he did not know whether or not his father had ever taken out any. On making such proof the defendant's counsel then made a motion in writing, which was filed on

the 15th day of April, 1902, to dismiss the cause, because the evidence showed that the plaintiff was a citizen of the Dominion of Canada, and not a citizen of the United States of America; and the court heard said motion and stated to counsel for plaintiff that he would sustain the same and dismiss this action, whereupon the plaintiff's counsel requested the court to permit him to withdraw his announcement of readiness for trial and to continue the cause on the ground of surprise, which request the court granted, and the cause was continued until the November term of this court. That defendant's motion to dismiss said cause was as follows, to wit: 'H. A. Robinson v. Mexican Central Railway Co., Limited. No. 298. Now comes defendant in the above styled and numbered cause, and moves the court to dismiss this cause for the reason that it appears at this stage of the proceedings from plaintiff's own testimony that he is a citizen of the Dominion of Canada, and not a citizen of the United States of America, or of the state of Texas, or county of El Paso. Wherefore defendant prays that this cause be dismissed at plaintiff's cost. Falvey & Davis, Attorneys for Defendant.' Indorsed: 'No. 298. In U. S. Circuit Court. H. A. Robinson v. M. C. Ry. Co., Lim. Defendant's Motion for Dismissal for Want of Jurisdiction. Filed April 15, 1902. D. H. Hart, Clerk.' That at the November term of said court, to wit, on the 8th day of November, this cause being again called for trial, there upon came the plaintiff and presented its reply to defendant's objection to the jurisdiction of the court, which reply was filed on the 5th day of November, 1902, and is as follows: 'In the United States Circuit Court, W. D. T. H. A. Robinson v. Mexican Central Railway Co., Limited. No. 298. Now comes the plaintiff herein, H. A. Robinson, and for answer to the defendant's plea or suggestion of want of jurisdiction to hear and determine this cause states the following facts to the court: That this suit was instituted in this court by H. A. Robinson on the 12th day of September, 1901; that on the same day the clerk of this court issued a citation in regular and proper form for the defendant, which was duly served upon the defendant on the 13th day of September, A. D. 1901; that on the 7th day of October, 1901, the defendant, the Mexican Central Railway Company, Limited, by its duly authorized attorneys, Falvey & Davis, appeared and filed the following answer, to wit: "In U. S. Circuit Court, W. D. of Texas, October Term, 1901. H. A. Robinson v. M. C. Ry. Co., Ltd. No. 298. Now comes the defendant in the above styled and numbered cause, by its attorneys, and, excepting to plaintiff's petition filed herein, says that the matters and things set forth therein are not sufficient in law; and of this it prays the judgment of the court. [Signed] Falvey & Davis, Attorneys for Defendant. Further answering herein, the defendant, by its attorneys, comes and says that it denies all and singular the allegations in plaintiff's petition contained, and of this it puts itself upon the country. [Signed] Falvey & Davis, Attorneys for Defendant." That at the October term, 1901, of this court, the plaintiff's counsel, C. N. Buckler, agreed with the defendant's counsel, Falvey & Davis, that for that term of the court said cause should be continued, and in pursuance of said agreement said cause was continued by the court until the next succeeding term of this court, to wit, the April term, 1902. That at the April term, 1902, said cause was duly called for trial, and both plaintiff and the defendant announced ready for trial, whereupon a jury consisting of twelve good and lawful jurors were selected by the parties and duly impaneled by the court to try said cause. That the plaintiff's counsel introduced the plaintiff himself as a witness, and examined him fully touching his entire cause of action as set out in his petition filed in this case. That defendant's counsel, on cross-examination of the plaintiff, showed by him that he was born in Canada, and that at the time he was born in Canada his parents lived there. Upon making such proof the defendant's counsel then made a motion in writing, which was filed on the 15th day of April, 1902, to dismiss the cause because the evidence showed that the plaintiff was a citizen of the Dominion of Canada, and not a citizen of the United States of America, and the court heard said motion and stated to counsel for the plaintiff that he would sustain the same and dismiss the action. Whereupon the plaintiff's counsel requested the court to permit him to withdraw his announcement of readiness for trial, and to continue the cause, on the ground of surprise, which request the court

granted, and the cause was continued until the present term of the court. That the defendant has never pleaded to the jurisdiction of this court, and has never by any proper pleading asserted its right to be sued in the district of its domicile. That by appearing at the October term, 1901, of this court, and filing a general answer, and agreeing that the cause should be continued, and at the April term, 1902, of this court, announcing ready for trial, assisting in impaneling the jury, it waived its right to be sued in the district of its domicile, and cannot now be heard to assert such right for the purpose of defeating the plaintiff's right to a trial of this cause in this court. And the plaintiff expressly pleads said fact as constituting such waiver. Wherefore the plaintiff prays the judgment of the court upon this his plea, and also prays that he may be permitted to proceed with the trial of this cause in this court. Patterson & Buckler, Attorneys for the Plaintiff.' It was admitted that the cause was continued by agreement at the October term, 1901. That upon the reading of said reply defendant, by its attorneys, came and asked leave to withdraw its answer, filed at the previous term of said court, and asks leave to insist upon its motion to dismiss said cause for want of jurisdiction, stating that at the time it had filed its original answer it was not aware that plaintiff was a citizen of Canada, but believed that he was a citizen and resident of the state of Texas, and of the Western District of Texas, as alleged in his petition. The court refused to permit defendant to withdraw said answer, and refused to permit it to file and further plead to the jurisdiction in this cause, but sustained plaintiff's motion, to which action and order of the court defendant then and there in open court excepted."

In Hunt v. Howes, 74 Fed. 657, 21 C. C. A. 356, this court mulcted with costs the plaintiff in error (defendant in the court below) because his counsel did not seasonably make objection to the fact that the plaintiffs in the Circuit Court did not allege in their pleadings the essentials of jurisdiction; and in an elaborate opinion the court laid down a high standard of ethics which "the noblesse of the robe" imposed upon counsel. I quote a fragment: "It is certain, however, that it was the business of the defendant's counsel to deal openly and fairly with the court. The day of brilliant strategical displays in judicial trials has departed, nor is a court of the United States a congenial spot for surprisals and ambuscades." The propriety of the judgment in Hunt v. Howes has been very seriously questioned in other courts. See Houston v. Filer & Stowell Co., 105 Fed. 538, 44 C. C. A. 583. But it remained for a majority of this court to overlook the ethical standard therein promulgated. In the instant case the record shows that the appearance and answer of the defendant railway company were obtained under false allegations as to the citizenship of the plaintiff. I think the objection was made seasonably, and the relief asked for should have been given. As the record stands, it presents a case where the jurisdiction of the court was based on false representations, and, in my opinion, unfairly retained. The letter and spirit of section 5 of the act of 1875 (18 Stat. 472) should have applied.