DEVOST v. TWIN STATE GAS & ELECTRIC CO. et al.

CITY OF BERLIN v. DEVOST.

(Circuit Court of Appeals, First Circuit.   June 6, 1918.)

Nos. 1297, 1298.

COSTS ☞18—FEDERAL COURTS—LACK OF JURISDICTION.

Where plaintiff, in order to get jurisdiction in federal court against citizen of same state, impleaded latter after having brought action in first instance against corporation of another state, Circuit Court of Appeals, in reversing judgment of District Court and dismissing action for lack of jurisdiction, may direct latter court to enter judgment, under Judicial Code, § 37 (Comp. St. 1916, § 1019), for costs of both courts against plaintiff.

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

On petition for limited rehearing.   Petition denied.

For former opinion, see 250 Fed. 349, —— C. C. A. ——.

Before DODGE and JOHNSON, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge.   By petition for a limited rehearing, Joseph O. A. Devost, plaintiff below, seeks to review the order of this court so far as it directs the District Court to enter judgment for costs of that court.

Section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. 1916, § 1019]), by its express terms, is applicable equally to suits commenced in a District Court and to suits removed from a state court, and concludes, "and shall make such order as to costs as shall be just."

In Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462, cited in our former opinion, it was said of Act March 3, 1875, c. 137, § 5, 18 Stat. 472, the basis of section 37:

"These provisions were manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs. McIver v. Wattles, 9 Wheat. 650 [6 L. Ed. 182]; Mayor v. Cooper, 6 Wall. 247 [18 L. Ed. 851]."

The requirement by section 29, Judicial Code (Comp. St. 1916, § 1011), of a bond in removal cases "for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto," does not give, but assumes and recognizes, power in the District Court to award costs—a power granted by section 37.   We find in section 37 no ground for the distinction which the petitioner makes between the power of the District Court to award costs in removed cases and the power to award costs in cases originally brought in the District Court.   It may be said, however, that there are many cases in which the courts apparently have overlooked the purpose of Act March 3,

1875, c. 137, § 3, 18 Stats. 470, as above set forth, and even after the passage of that act have applied the former rule which Act March 3, 1875, was designed to avoid. Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451, gives special emphasis to the rule of the earlier cases, but does not consider the question of the power of the District Court under Act March 3, 1875, and the decision was very carefully confined to the question whether, when a Circuit Court dismisses a suit for want of jurisdiction, it can give a decree for costs, including a fee in the nature of a penalty. We are unable to regard that case as an authority which requires us to ignore the plain language of section 37.

It is to be noted that provision is made for cases in which, when brought or removed, the lack of jurisdiction may not appear immediately, and that if it shall appear, "at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said" court, it may then "dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

Phœnix-Buttes Gold Mining Co. v. Winstead (D. C.) 226 Fed. 863, was a suit brought in the District Court, and costs were allowed. That court observed concerning authorities cited:

"While these cases represent instances of remand, the statute puts both classes in the same category, and under its language the provision as to costs is equally applicable to both."

See, also, Robinson v. Anderson, 121 U. S. 522, 7 Sup. Ct. 1011, 30 L. Ed. 1021.

As originally brought in the District Court, the lack of jurisdiction in the present case did not appear, but first arose upon the plaintiff's joining an additional party and amending his declaration to make the action joint.

While it cannot be said that the parties to the suit were collusively joined, it appeared by the record that parties to said suit were improperly joined for the purpose of creating a case wherein a citizen of the same state as the plaintiff should be sued in the federal court in a joint controversy not properly within the jurisdiction of said court.

In our former opinion cases are cited in which the Supreme Court and this court exercised the power to direct the District Court as to what order it should make concerning costs of that court. As the District Court, under section 37, has the same power in removed cases and in cases brought originally in that court, so this court has power to direct the District Court to give judgment for costs in cases erroneously brought, as well as in cases erroneously removed.

We think it just that the costs of both courts should be borne by the party who erroneously invoked the jurisdiction of the District Court (Houston v. Filer & Stowell Co., 105 Fed. 538, 44 C. C. A. 583; Id., 104 Fed. 163, 43 C. C. A. 457), and that we have the same power to direct the District Court to enter such judgment as to costs as

we deem proper, as has been commonly exercised by the Supreme Court and by this court in respect to cases improperly removed.

Petition for a rehearing denied.