## THE COMMERCIAL GUIDE.

### THE SUPORTCO.

District Court, W. D. Washington, S. D. December 27, 1927.

Nos. 5379, 5517.

Admiralty ⟜121—Admiralty court, on dismissing libel for want of jurisdiction, may allow costs deemed just (Jud. Code, § 37 [28 USCA § 80]).

Admiralty court, on dismissing libel for want of jurisdiction, has the right to allow such costs as in its judgment shall be just in accordance with Judicial Code, § 37 (Comp. St. § 1019; 28 USCA § 80).

In Admiralty. Separate libels by the Grays Harbor Railway & Light Company against the steamship Commercial Guide, her tackle, apparel, furniture, machinery, etc., of which the Nyanza Steamship Company, Limited, is claimant, and against the steamship Suportco, her tackle, apparel, furniture, machinery, etc., of which the Transmarine Corporation is claimant. On claimants' motions for costs on dismissal for want of jurisdiction, with motion by libelant to disallow costs. Claimants allowed costs.

Theodore B. Bruener, of Aberdeen, Wash., for libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for respondents and claimants.

CUSHMAN, District Judge. These two cases were dismissed for want of jurisdiction of the court over the subject-matter involved, both being similar to the case considered on appeal by the Circuit Court of Appeals of this circuit. Nippon Yusen Kabushiki Kaisha v. Great Western Power Co., 17 F.(2d) 239.

Claimants move for costs, and libelant moves to disallow costs, because of lack of jurisdiction of the court in admiralty. Section 37 of the Judicial Code (Comp. Stat. § 1019 [28 USCA § 80]) provides:

"*If in any suit commenced in a District Court,* or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, *and shall make such order as to costs as shall be just.*" (Italics those of the court.)

In a case begun in the District Court, as distinguished from one removed to such court, which case is dismissed for lack of jurisdiction, the right to District Court costs, as affected by this statute, has been discussed but once in the reported decisions called to the court's attention. In Devost v. Twin State Gas & Electric Co. et al. (C. C. A.) 252 F. 125, it was held such costs would be allowed. There appears nothing in this particular question to differentiate an admiralty suit from any other. Benedict's Admiralty (4th Ed.) § 487.

The claimants will be allowed their costs.