## In re SNOWDEN.

District Court, N. D. California, S. D. December 5, 1929.

### No. 17640.

C. Huntington Jacobs and Arthur P. Shapro, both of San Francisco, Cal., and Emmett I. Donohue, of Petaluma, Cal., for petitioning creditors.

Goldman & Altman, of San Francisco, Cal., for intervening creditors.

Torregano & Stark and August B. Rothschild, all of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. Following the dismissal of the petition in involuntary bankruptcy herein a decree was entered in which the respondent was awarded his costs against the petitioning and intervening creditors. This is a motion to modify the decree by striking therefrom this award of costs, upon the ground that this court is without jurisdiction to award costs, having dismissed the petition upon the ground that it appeared that the court had no jurisdiction over the person of the alleged bankrupt, who was found not to have resided, been domiciled, nor to have had his principal place of business, within this district for the six months next preceding the filing of the petition. The petition alleged the jurisdictional facts, and the want of jurisdiction in this court was only determined after hearings before a special master on this issue as raised by the alleged bankrupt.

The moving parties here cite In re Philadelphia & Lewes Transp. Co. (D. C.) 127 F. 896, which holds that costs should not be allowed where a petition is dismissed for want of jurisdiction. In re Williams (D. C.) 120 F. 34, is to the same effect. Neither of these cases, however, mentions or takes into consideration the effect of Judicial Code § 37 (USCA tit. 28, § 80), upon the right of the District Court to allow costs where it must dismiss a case for want of jurisdiction. This section of the Judicial Code is fully discussed in Devost v. Twin State Gas & Electric Co. (C. C. A.) 252 F. 125, and the conclusion is there reached, after full consideration of the authorities prior to and following the enactment of section 37 (28 USCA § 80), that that section authorizes the allowance of costs despite the fact that dismissal has been made for want of jurisdiction. The same conclusion is reached by Judge Neterer

in The Commercial Guide (D. C.) 23 F.(2d) 135.

As I am convinced of the correctness of the conclusion reached in the cases just mentioned, the motion to modify the decree is denied.