THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY

*v.*

PATRICK H. O'DONNELL, Admr.

*Opinion filed December 22, 1904—Rehearing denied Feb. 18, 1905.*

1. RAILROADS—*duty of railroad company in taking men to and from work.* It is the duty of a railroad company, in taking track men to and from their work, to furnish a reasonably safe place in which to ride.

2. SAME—*not negligence per se for workman to ride on top of box-car.* If the box-car furnished by a railroad company to transport its servants from work is overcrowded with men and tools it is not negligence *per se* for some of them to ride on top of the car.

3. SAME—*what does not preclude recovery for low-bridge accident.* The presence of tell-tales or whip-lashes suspended over the track does not preclude recovery for the killing of a section man struck by a low viaduct when standing on top of a box-car while returning from work, where it is not shown that he had notice of the viaduct or observed the tell-tales or appreciated their meaning.

4. EVIDENCE—*when refusal to allow witnesses to state that car was not overcrowded is not error.* Refusal to permit witnesses for defendant to state that the box-car furnished by it to transport its workmen from their work was not overcrowded is not error, where the jury are fully advised by the evidence as to the size of the car, the number of men therein and the space occupied by tools.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JESSE B. BARTON, for appellant.

GEMMILL, BARNHART & FOELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in a personal injury case for the sum of $5000.

213—35

The first contention of appellant is, that the court erred in declining to take the case from the jury at the close of all the evidence.

The plaintiff's intestate, Frank DiAddario, on the 29th day of July, 1898, was in the employ of the defendant as a section hand, and on that day, in company with some fifty or sixty other laborers under a foreman named Michael Burke, was working upon the road of the defendant near One Hundred and Third street, in the city of Chicago. On that evening, at about six o'clock, he, in company with the other laborers, started to return to his home in the central part of the city upon a box-car attached to an engine. The men placed their tools in the car and the older men entered the car. The car being overcrowded, deceased and several other young men and the brakeman climbed up on top of the car and sat upon the running-board, which was located lengthwise of the car, near its center. As the car passed beneath the viaduct at Halsted street the head of the deceased came in contact with the lower edge of its roof with such violence that he was killed. The deceased had been in the employ of the defendant for eleven days, during which, with the exception of the day of the accident, the gang of laborers with which he worked had been taken by the appellant to their work in the south part of the city each morning in a passenger car as far as Western avenue and from there upon a flat-car, and were returned in the evening to the places where they left the car for their homes in the same manner. The home of the deceased was located near Halsted and Sixteenth streets, and he took and left the car just east of the viaduct at that point, at the Halsted street station. On the evening of the accident, when the engine and car arrived where the men were at work they were directed by the foreman to place their tools in the car and to get into the car. Several of the men testified the car was soon overcrowded, and others, who were upon the top of the car, that they and the deceased were unable to get into the car and for

that reason went upon the top of the car. It was the custom of the defendant to carry the deceased from its station near his home to his work in the morning and to return him to that station in the evening. While it may be conceded he was not a passenger, it was the duty of the defendant to furnish him a reasonably safe place in which to ride in going to and returning from his work, and if the car was overcrowded by other workmen so that he could not ride on the inside of the car, it was not negligence *per se* for him to take passage to his home upon the top of the car, and it was a question for the jury to determine, from the evidence, whether the car was overcrowded, and whether the deceased was justified, by reason of that fact, in going upon the top of the car. The deceased had never ridden beneath said viaduct, prior to the time of his injury, upon the top of a car, and there is no evidence that he knew of the existence of the viaduct. At the time of the injury the train was running at a considerable rate of speed and the smoke from the engine was blown back over the car, and the view of the viaduct was obstructed to such an extent thereby that persons upon the top of the car testified they could not see the viaduct and did not know they had reached that point upon the road until after the deceased was struck and killed. The witnesses upon the top of the car testified the deceased stood up just as the train reached the viaduct, and that had he remained in a sitting posture his head would not have come in contact with the roof of the viaduct. The distance from the top of the running-board, upon which the men were sitting, to the lower side of the roof of the viaduct was four feet and five inches. The deceased was not notified by the defendant or any of its servants, or otherwise, of the existence of the viaduct or the nearness of the lower side of the roof of the viaduct to the top of the car, otherwise than by tell-tales or whip-lashes suspended across the tracks a short distance west of the viaduct, and there was no evidence that the defendant knew of the train's near approach to the viaduct at

the time he was injured. It was proper to prove the tell-tales or whip-lashes were located across the track, as bearing upon the knowledge of the deceased that the train was about to pass under the roof of the viaduct, but without proof that they were observed by the deceased, or that he appreciated, by reason thereof, the fact the train was nearing the viaduct, their presence would not, as a matter of law, bar a recovery.

In view of all the evidence in the case we are of the opinion the court did not err in declining to peremptorily instruct the jury to return a verdict in favor of the defendant, but think the questions of the negligence of the defendant and whether the plaintiff's intestate was guilty of such contributory negligence as should bar a recovery were properly left to the jury.

It is next contended that the court erred in refusing to permit a number of the witnesses for the defendant to state that the car was not overcrowded. The jurors were fully advised by the evidence as to the size of the car, the space therein occupied by the tools and the number of men in the car, and from this testimony they were as well qualified to judge of the conditions inside the car as the witnesses. The question at issue was not whether more men could have been crowded into the car, but whether, owing to the crowded condition in the car, the deceased was guilty of negligence in going upon the top of the car. We do not think the refusal of the court to permit the witnesses to state whether or not the car was crowded, reversible error.

It is also contended that the court improperly refused certain instructions offered upon behalf of the defendant. We have examined the instructions given upon behalf of the defendant and those refused, and think that the jury were fully and fairly instructed as to the law of the case, and that the refusal of the offered instructions does not constitute such error as should cause a reversal of the case.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*