(No. 11314.—Judgment affirmed.)

WILBERT ROBERTS, Defendant in Error, vs. THE CLEVE-
LAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY
COMPANY, Plaintiff in Error.

*Opinion filed June 21, 1917—Rehearing denied October 4, 1917.*

1. NEGLIGENCE—*what does not relieve railroad company of its
duty to safely transport employee to place of work.* The fact that
an employee of a railroad company, while being transported to his
place of work by a work-train of the company, rode in the cab of
the engine does not relieve the company of its duty to use reason-
able care in transporting him, and where the evidence shows that
he was not forbidden to ride in the engine it is immaterial whether
or not he was expressly invited to do so.

2. SAME—*employee of railroad company riding on work-train
to his work does not assume risk of negligent operation of train.*
The danger arising from the operation of a work-train at an ex-
cessive rate of speed over a defective track is not one of the ordi-
nary risks incident to the employment of a railroad employee who
rides upon the train to his place of work, where he is not aware of
the dangerous condition of the track and has no control of the op-
eration of the train.

3. SAME—*whether employee of a railroad company is guilty of
contributory negligence in riding on engine of work-train is ques-
tion for the jury.* Where an employee of a railroad company rides
in the cab of the engine of a work-train taking employees to their
work and is injured by the overturning of the engine, it is a ques-
tion for the jury to determine from the evidence whether the coach
of the train was over-crowded, and whether the employee was jus-
tified, by reason of that fact, in getting upon the engine.

4. SAME—*when the employer will not be prejudiced by failure
to negative assumption of risk in instruction directing verdict for
plaintiff.* Where there is no evidence in the record tending to show
that the injured employee knew or was chargeable with knowledge
of the dangers which caused the accident which resulted in his in-
juries, the employer will not be prejudiced by failure to negative
the assumption of risk in an instruction directing a verdict for the
plaintiff in case certain issues were found in his favor.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Edgar county; the Hon. JOHN H. MARSHALL,
Judge, presiding.

GEORGE B. GILLESPIE, SHEPHERD, TROGDON & DOLE, . and F. L. LITTLETON, (L. J. HACKNEY, of counsel,) for plaintiff in error.

DYAS & DYAS, and O'HAIR & RHOADS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Wilbert Roberts, the defendant in error, by Albert Roberts, his next friend, brought an action on the case in the circuit court of Edgar county against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, plaintiff in error, to recover damages for personal injuries sustained by him on April 20, 1913, while in the employ of plaintiff in error. The original declaration consisted of three counts. Each count alleged, in substance, that on April 20, 1913, plaintiff in error was engaged in operating an inter-State railway between Evansville, in the State of Indiana, and Danville, in the State of Illinois; that defendant in error on said date was a servant of plaintiff in error, employed as a laborer in repairing and constructing plaintiff in error's inter-State line of railway; that on the morning of April 20, 1913, defendant in error and other laborers were being carried by plaintiff in error to their place of work upon a certain locomotive engine and coach thereto attached, and defendant in error was riding upon the engine with the permission of the engineer, who was a servant of plaintiff in error, and that while defendant in error was so riding on said engine, and while he was in the exercise of due care for his own safety, the engine and coach left the track and turned over and defendant in error was thereby injured. The three counts charge as negligence causing the accident that the road-bed over which the engine and coach were propelled was insufficiently ballasted and insufficiently filled under and between the ties and rails, and that the rails were loose and the ties rotten and disintegrated, which condition

was known to plaintiff in error or might have been known
by the exercise of reasonable care and diligence, but was
not known to defendant in error and could not have been
known to him by the exercise of reasonable diligence.
Thereafter defendant in error filed three additional counts,
which are substantially alike except as to the charges of
negligence.   These additional counts charge that plaintiff in
error furnished a passenger coach, to which were attached
a locomotive engine and tender, for the purpose of convey-
ing defendant in error and his fellow-workmen from their
places of residence to the place where they were engaged in
doing the work for plaintiff in error; that the engine ran
backwards, pushing the tender before it and pulling the
coach after it; that the coach was not sufficient to contain
all of the employees then being carried to their work and
plaintiff took passage in the cab of the engine, which was
being operated by an engineer who did not possess the en-
gineering skill necessary to properly operate the engine;
that the road-bed, ties and rails were in an imperfect and
dangerous condition and unsafe to pass over except at a low
rate of speed; that, considering the condition of the road-
bed at the place where the accident occurred, the engine was
operated at a high and dangerous rate of speed, and that
the accident which resulted in defendant in error's injuries
was the direct result of the defective condition of the road-
bed and track, the inexperience of the engineer and the
negligent and unskillful manner in which he operated the
engine, the high rate of speed, the running of the engine
backwards, pushing the tender, loaded with coal, in front
of it, and a defective and dangerous engine so constructed
that it was top-heavy.   Plaintiff in error pleaded not guilty
to all of the counts.   A trial was had before a jury, which
resulted in a verdict finding plaintiff in error guilty and
assessing defendant in error's damages at $4500.   After
overruling the motions of plaintiff in error for a new trial
and in arrest of judgment the court rendered judgment upon

the verdict, from which judgment plaintiff in error prose-
cuted an appeal to the Appellate Court for the Third Dis-
trict, where the judgment of the circuit court was affirmed.
The record has been brought here for review by writ of
*certiorari.*

The evidence shows that about March 31, 1913, defend-
ant in error, then about nineteen years of age, went from
his home in Paris, Illinois, to Evansville, Indiana, and ob-
tained employment with plaintiff in error as a member of
a section gang. About a week prior to April 20, 1913, a
portion of plaintiff in error's road-bed in the Wabash river
bottoms in Indiana, on plaintiff in error's line of railway
between Evansville, Indiana, and Mt. Carmel, Illinois, and
about twenty-five miles from Evansville, was washed away.
The section gang of which defendant in error was a mem-
ber was put to work re-building this portion of plaintiff in
error's road-bed. The members of the section gang, includ-
ing defendant in error, lived at and about Evansville, and
plaintiff in error furnished a work-train, consisting of a
coach, engine and tender, to transport the men to and from
their work. The evidence is conflicting as to the number
of men engaged in the work, but it appears from evidence
offered by defendant in error that the seating capacity of
the coach was not adequate to accommodate all the men,
and that on two or three occasions prior to the accident de-
fendant in error had ridden to his work upon the engine.
On April 20, 1913, the work-train started from Evansville
to convey the members of the section gang to their place of
work. Defendant in error was waiting at Harwood, a sta-
tion two or three miles distant from Evansville, to board
the work-train. When the train reached Harwood, accord-
ing to the testimony of defendant in error, the platform of
the coach was crowded with men and defendant in error
proceeded to the engine, and the engineer told him to get
on the engine and ride, which defendant in error did, tak-
ing his seat in the cab of the engine with the engineer and

fireman.   After the train had proceeded to a point six or seven miles from the place of work, the engine, tender and coach left the track and turned over, and a number of persons on both the engine and coach, including defendant in error, were seriously injured.   The evidence tended to prove that at the place where the engine and coach left the track the ground was soft and spongy, the ties were rotten, the rails had become loose from the ties, causing loose joints, and the engineer drove the engine over this dangerous track at a speed of from forty to fifty miles per hour.

At the close of the plaintiff's case, and again at the close of all the evidence, plaintiff in error offered a peremptory instruction directing the jury to return a verdict in its favor.   The refusal of the court to give this instruction at the close of all the evidence is the principal ground relied upon for reversal.   In support of this assignment of error plaintiff in error contends that the proof shows that the defendant in error was riding on the engine without the knowledge, consent or permission of plaintiff in error; that he voluntarily assumed a place of danger, and that plaintiff in error therefore owed him, while riding on the engine, no duty except not to willfully injure him.   It is of no consequence that the evidence fails to show any express consent or permission given by plaintiff in error to defendant in error to ride on the engine.   The evidence fails to show any notice given to him, by rule of the company or otherwise, forbidding him to ride on the engine.   The proof shows that the work in which defendant in error was engaged was at a place about twenty-five miles from his place of residence, and that as a part of his duties as a servant of plain-. tiff in error he was required to board the work-train in order to be taken to his place of work.   The testimony of the defendant in error tends to show that when the work-train reached Harwood, where he was waiting, the coach was filled and the platform of the coach was crowded with men, and defendant in error, with the permission. of the

279 — 32

engineer, got upon the engine and took a seat in the cab with the fireman and engineer. His purpose in getting upon the engine was the same as though he had gotten upon the coach, viz., to be carried to his place of work. He did not get upon the engine merely for purposes of his own outside the scope of his employment, as suggested by counsel for plaintiff in error, but in order to perform a duty which he owed to plaintiff in error as its servant, and plaintiff in error was not, by reason of the fact that he had taken a place on the engine, relieved of the duty to use reasonable care in transporting him to his place of work. This duty required the plaintiff in error to use reasonable care in keeping its tracks in a reasonably safe condition and to exercise reasonable care in operating the train on which the defendant in error was riding. The evidence tends to show that it failed in its duty in each of these respects; that its track at the place of the accident was, and had been for such a length of time that plaintiff in error is chargeable with notice, in a dangerous condition, and that the work-train was driven at a high and dangerous rate of speed over this track, resulting in the overturning of the engine and coach.

Nor can it be said that by boarding the engine in order to be carried to his work the defendant in error was, as a matter of law, guilty of contributory negligence, or that he assumed the risk of injury arising out of the dangerous condition of the track and the negligent manner in which the engine was driven. In *Chicago Terminal Railroad Co. v. O'Donnell,* 213 Ill. 545, it appeared that the railroad company furnished a box-car attached to an engine to convey its workmen from their place of work to their homes. The car being over-crowded, some of the workmen climbed up on top of the car and sat upon the running-board of the car. As the car passed beneath a viaduct the head of one of the men on top of the car came in contact with the roof of the viaduct and he was killed. In considering the duty which, under the circumstances, the railroad company owed

the deceased, and the act of the deceased in taking his position on top instead of inside the car, we said: "It was the custom of the defendant to carry the deceased from its station near his home to his work in the morning and to return him to that station in the evening. While it may be conceded he was not a passenger, it was the duty of the defendant to furnish him a reasonably safe place in which to ride in going to and returning from his work, and if the car was over-crowded by other workmen so that he could not ride on the inside of the car, it was not negligence *per se* for him to take passage to his home upon the top of the car, and it was a question for the jury to determine, from the evidence, whether the car was over-crowded, and whether the deceased was justified, by reason of that fact, in going upon the top of the car." So in the case at bar, it was a question for the jury to determine from the evidence whether the coach was over-crowded and whether defendant in error was justified, by reason of that fact, in getting upon the engine, and if the coach was over-crowded by other workmen so that defendant in error could not ride in the coach it was not negligence *per se* for him to take passage on the engine. In any event, the act of the defendant in error in getting upon the engine and taking his seat in the cab of the engine could relieve plaintiff in error from liability only on the ground that such act constituted contributory negligence on the part of the defendant in error. (*Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 Ill. 202.) This action was brought under the Federal Employers' Liability act, which provides that "the fact that the employee may be guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee," and the jury were so instructed.

So far as the contention that defendant in error assumed the risk is concerned, the danger arising from the operation of the train at an excessive rate of speed over a defective

track was not one of the ordinary risks incident to his employment, and as there is no proof in the record tending to show that he knew of the dangerous condition of the track and as he had no control over the operation of the engine he did not assume the risk arising from these dangers.

The court did not err in refusing to direct a verdict in favor of plaintiff in error.

Defendant in error was permitted to testify that on two occasions during the week previous to the accident he had ridden to his work on the engine and that on nearly every trip some of the workmen rode on the engine. Plaintiff in error assigns as error that the court refused to permit it to contradict this evidence. There is no basis for such contention. Elmer Wheeler, called as a witness by plaintiff in error, testified that he was a member of the section gang and that he had never seen anyone riding on the engine either going to or coming from their work. He was asked if it was customary for persons to ride on the engine, and an objection to this question was properly sustained, as it called for a conclusion. Green Blair, another witness called by plaintiff in error and a member of the section gang, testified on his direct examination that he supposed some of the workmen rode on the engine but they were not supposed to do so, and that he had never seen anyone riding on the engine. John R. Bickle, also a witness for plaintiff in error and a member of the section gang, upon his direct examination testified that during the two weeks preceding the accident he had not seen anyone riding on the engine. It is thus apparent that plaintiff in error was permitted to contradict the testimony of defendant in error regarding the practice of workmen riding on the engine.

Other complaints made by plaintiff in error concerning the alleged action of the court in excluding evidence offered by plaintiff in error are equally without any foundation in the record.

In disposing of the main contention we have disposed of most of the grounds relied upon by plaintiff in error in support of its contention that the court erred in giving and refusing instructions. Only one ground need be here further noticed. It is contended that certain of the instructions which directed a verdict in favor of defendant in error in case certain issues were found in his favor ignored the defense of assumed risk. As there was no evidence in the record tending to show that defendant in error knew or was chargeable with knowledge of the dangers which caused the accident which resulted in his injuries, plaintiff in error could not have been prejudiced by the failure to negative the assumption of risk in these instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*