## Samuel M. Williams, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

1. MASTER AND SERVANT, § 537*—*when action by servant for personal injuries is under Federal Employers' Liability Act.* An action to recover damages for personal injuries brought by an employee against his employer, wherein the declaration alleges that the defendant was engaged in interstate commerce and was using its railroad track in such commerce at the time of the injury complained of, is one under the Federal Employers' Liability Act and not one under the common-law or the State statute.

2. WORKMEN'S COMPENSATION ACT, § 12*—*necessity of averring in action at common law or under statute that defendant has not elected to come under.* Without an averment in a declaration, filed by an employee against his employer to recover damages for personal injuries, that the defendant had not elected to operate under the Compensation Act of Illinois, no right of action at common law or under the statute of the State would exist.

3. MASTER AND SERVANT, § 302a*—*when employee assumes risk of employment under Federal Employers' Liability Act.* Under the acts of Congress and decisions of the federal courts, the doctrine of assumption of risk by an employee applies and prevails as at common law under the Federal Employers' Liability Act, and an employee assumes under that act the risk of his employment except where the violation by the employer of a federal statute contributed to the injury.

4. MASTER AND SERVANT, § 545*—*what allegation with reference to assumption of risk declaration in action under federal act must contain.* Under the Federal Employers' Liability Act, the declaration in an action to recover damages must contain such allegations as show the plaintiff did not assume the risk of the actual negligence complained of.

5. MASTER AND SERVANT, § 326*—*when employee assumes risk of danger of overlifting.* Where a declaration under the Federal Employers' Liability Act alleged that the plaintiff was injured while engaged in work with a number of men lifting certain heavy railroad tracks, *held* that the danger of overlifting was apparent to a reasonable man, and so plain and apparent that plaintiff must be presumed to have known of it and to have assumed the risk.

6. MASTER AND SERVANT, § 347*—*when furnishing insufficient number of men for heavy work not negligence.* The mere furnishing of an insufficient number of men to perform certain heavy work upon

which an employee was engaged with others is not actionable negligence.

7. MASTER AND SERVANT, § 363*—*what is patent defect employee is bound to see.* The employment of an insufficient number of men to perform certain heavy work in lifting railroad tracks, upon which an employee was engaged with others, is a patent defect which he was bound to see, under the Federal Employers' Liability Act.

8. MASTER AND SERVANT, § 418*—*when employee obeying order of foreman is not exempted from assumption of risk.* Where a declaration under the Federal Employers' Liability Act alleged that the plaintiff who was a member of a large crew of men engaged in lifting heavy railroad tracks, at the express direction and command of the foreman, put forth and expended his entire strength in lifting said tracks, whereby he was injured, *held* that all such order amounted to under the allegation was a direction to plaintiff to perform the work which was being carried on in the usual manner, and that same did not exempt him from assumption of the risk, he not being misled by such order.

9. MASTER AND SERVANT, § 339a*—*what is simple tool not exempting employee from assumption of risk.* A pry bar or lifting rod used by an employee in lifting heavy railroad tracks is a simple instrument or tool and not such as to exempt him from assumption of risk.

10. APPEAL AND ERROR, § 1306*—*when presumed that omission of allegations relieving plaintiff from assumption of risk in amended declaration was intentional.* Where, after demurrer to an original count under the Federal Employers' Liability Act was sustained for plaintiff's failure in the count to relieve himself of the question of assumed risk, he filed an amended count also failing to allege his want of knowledge, or such facts as would relieve him from such assumption of risk, *held* that it must be presumed that such omission in the amended count of these elements was intentional and that he relied upon his right to recover, notwithstanding he may have known of existing defects and assumed the risk of working thereunder.

Error to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 24, 1917.

W. P. SEEBER and ERNEST J. ODUN, for plaintiff in error.

MOSES PULVERMAN, for defendant in error; W. W. BARR and C. E. FEIRICH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, sought by this proceeding to recover damages from the defendant in error, hereinafter called defendant, on account of injuries sustained by the plaintiff while engaged at work upon defendant's road. A declaration was filed consisting of two original counts and two amended counts, to each of which a demurrer was interposed and sustained, and it is insisted by counsel for plaintiff that the court erred in sustaining the demurrer to each and every count of this declaration. The amended counts of the declaration are, so far as we have been able to see, substantially the same as the original counts, except that in the amended counts the cause of action is set out more specifically and, so far as we can see, is a restatement of the cause of action in a more perfect manner, and no specific difference has been pointed out by counsel in their argument. In the consideration of the case we will therefore confine ourselves to the amended counts.

The first amended count charges that on November 4, 1913, the defendant was possessed of certain railroad tracks extending from Christopher to Zeigler, and elsewhere in said county and State, and in connection therewith possessed, owned and controlled locomotive engines, railroad cars and other transportation equipment, and was then and there engaged by its agents and servants in transporting freight and passengers over said railroad in said State and from said State to and through various other States of the United States for hire; that a portion of said track located about one mile south of Christopher in said county was in an unsafe condition and repair and required a large number of servants to repair the same so as to permit the defendant to operate its trains over said railroad in the conduct of its business.

It further charges that a number of the servants of

the defendant were under the direction and control of one E. I. Goss, who had full authority to command said servants and supervise and direct the repairs of said railroad; that the readjusting of said tracks at said point was heavy and ponderous work and required the combined strength and efforts of a large number of able-bodied men, of which the said E. I. Goss well knew, or by the exercise of due care should have known; and further avers that the said Goss ordered and directed a section of tracks at said point to be lifted by an insufficient number of men, whereby they were required to expend and put forth their utmost energy and strength, of which the said Goss well knew, or by the exercise of due care should have known, on account of which the plaintiff, who was then and there a member of said gang, at the express direction and command of the said Goss, put forth and expended his entire strength to lift said tracks at said point, and in the exercise of due care thereby overtaxed his energy and strength and by reason of the said direction and command of the said Goss his muscles, tendons and blood vessels were ruptured and impaired, resulting in permanently destroying his nervous system and causing paralysis in his limbs and organs of his body, rendering him sick, and to the damage of the plaintiff of $10,000.

The second amended count of the declaration is the same as the first, except that he charges defendant negligently provided plaintiff with a certain pry bar or lifting rod which was in bad condition of repair, in that it was slick, bent and crooked and unfit for the said work of which the said Goss then and there knew, or by the exercise of due care could have known, and avers that Goss ordered and directed the plaintiff to use said appliances in the lifting and moving of said track, and the plaintiff in obedience to such order. and in the exercise of due care, commenced the use of said

appliance in an effort to lift or move said track at said point, and while so lifting with said tool or appliance in said work, and in consequence of its said condition and repair, and order and command, the said tool or appliance gave way and slipped and thereby plaintiff was violently and with great force thrown down to and upon said appliance and track and was injured in the manner set forth in the above count.

It is insisted by counsel for plaintiff that it sufficiently appears from this declaration that a duty devolved upon the defendant and that it negligently failed to perform that duty and by reason thereof the plaintiff was injured and sustained damages, and that this was sufficient to warrant recovery.

Upon the other hand, it is contended by the defendant that it appears from the allegations of the declaration that the plaintiff assumed the risk resulting from the acts set forth in his declaration and that by reason thereof he is barred of a right to recover.

Counsel for plaintiff in his argument treats the acts of negligence complained of as if he were given a remedy for the injuries by an action at common law. Upon the other hand, counsel for defendant insists that under the averments of the declaration the action must be determined by the provisions of the Federal Employers' Liability Act. We are inclined to agree with the contention of defendant upon this question, as the declaration shows that the defendant was at the time engaged in interstate commerce, and, being so engaged, the federal statute is applicable and is exclusive, paramount and superior to the State laws wherever its provisions are applicable. *Devine v. Chicago, R. I. & P. Ry. Co.*, 266 Ill. 248. In the case of *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356, the Supreme Court, in commenting upon the case of *Wabash R. Co. v. Hayes*, 234 U. S. 86 [6 N. C. C. A. 224], said: "Had the injury occurred in interstate commerce, as was alleged, the federal act undoubtedly would have been

controlling, and a recovery could not have been had under the common or statute law of the State. In other words, the federal act would have been exclusive in its operation, not merely cumulative.''

Again, upon an inspection of this declaration it appears that there is no allegation that the defendant had not elected to operate its road under the Compensation Law of the State of Illinois, and without such an averment no right of action at common law or under the statute would exist. As we view it, the right of action, if any existed, necessarily accrued to plaintiff under the Federal Liability Act, and the rights of the parties to this suit must be determined according to the laws and decisions of the federal courts. The declaration charges that the defendant was engaged in interstate commerce and was using this track in such commerce. An employee of an interstate carrier engaged in maintaining tracks has been held by the federal courts to have been engaged in interstate commerce. *Pedersen v. Delaware, L. & W. R. Co.,* 229 U. S. 146 [3 N. C. C. A. 779]; *Illinois Cent. R. Co. v. Behrens,* 233 U. S. 473 [10 N. C. C. A. 153]. Under the acts of Congress and the decisions of the federal courts, the doctrine of assumption of risks applies and prevails as at common law. The employee assumes the risk of his employment under the federal act, except where the violation by the carrier of the federal statute contributed to the injury, and in construing this statute the Supreme Court of the United States said: "It seems to us that section 4, in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action. And, taking sections 3 and 4 together, there is no doubt that Congress recognized the distinction between contributory negligence and assumption of risk; for, while it is declared that neither of these shall avail the carrier in

cases where the violation of a statute has contributed
to the injury or death of the employee, there is, with
respect to cases not in this category, a limitation upon
the effect that is to be given to contributory negli-
gence, while no corresponding limitation is imposed
upon the defense of assumption of risk—perhaps none
was deemed feasible." *Seaboard Air Line Ry. v. Hor-
ton*, 233 U. S. 501 [8 N. C. C. A. 834]. It will be
observed that in this declaration the plaintiff charges
that the defendant knew of the defects complained
of but nowhere avers that plaintiff had no such knowl-
edge of the defects or effect thereof, and as we under-
stand the decisions of the federal court, the dec-
laration must contain such allegations as show that
the plaintiff did not assume the risk of the actual
negligence complained of. The plaintiff knew the
number of men that were engaged at this work, and
appreciated the extent to which he would have to exert
himself in lifting upon this railroad track, and cer-
tainly was aware of the fact that by overexertion he
was liable to injure himself; at least the danger was
apparent to a reasonable man, and where the danger
is so plain and apparent he must be presumed to
have known it. *Chesapeake & O. Ry. Co. v. Proffitt*,
241 U. S. 462. The mere furnishing of an insufficient
number of men is not actionable negligence. The
Supreme Court of Illinois, in commenting upon a fail-
ure of the employer to furnish a sufficient number of
men to properly perform their work, says: "If it was
the duty of appellant to employ more help in order to
render the performance of the labor appellee was em-
ployed to perform reasonably safe, and appellant
failed in that duty, when that fact was discovered by
appellee it was his duty to quit appellant's service,
but if he remained he did so at his own risk." *Swift
& Co. v. Rutkowski*, 167 Ill. 156. And in the case of
*Morgan v. Wabash R. Co.*, 158 Ill. App. 344, the court
says: "The evidence discloses beyond controversy,

that whatever danger existed at the time was as obvious and apparent to defendant in error, whom, the evidence discloses, was a person of ordinary intelligence, as it was to the master, and where this condition exists the law charges the servant with knowledge of such danger and he assumes the risk of injury from all conditions of which he has an equal knowledge with the master to know, and which are open to his observation and which he might have easily known by the use of his sense of observation. (*Montgomery Coal Co. v. Barringer,* 218 Ill. 327; *Christiansen v. William Graver Tank Works,* 223 Ill. 142.)''

The employment of an insufficient number of men was a patent defect and one which plaintiff was bound to see. *Texas & P. Ry. Co. v. Rogers,* 57 Fed. 378.

It is contended by plaintiff that the defendant by its agent gave an order requiring the plaintiff to perform this work, but it is not claimed or argued that the plaintiff was in any way misled by this order or command. He knew the conditions and knew the effect as well as any one that the lifting referred to would have upon him physically, so that he could not have been misled by the order, if such was an order, and the Supreme Court of Illinois, in the case of *Republic Iron & Steel Co. v. Lee,* 227 Ill. 258, says: ''An exception to the doctrine of assumed risk exists where a servant is ordered by his master to do certain work which is attended with danger of which he is not fully cognizant, and he relies upon the order to do the work as an assurance that he may safely perform the task. This case, as stated by the first two counts of the *narr.,* is not within the exception, however, because appellee had full and complete knowledge of all the dangers attendant upon and resulting from the negligence charged by those two counts, in so far as the evidence tended to prove the same. It is only where

'the servant has been misled by the order of the master that the exception exists.'' It also seems to us that all this order amounted to, under the allegation, was a direction to perform the work that was being carried on in the usual manner, and, as we understand the law, such directions are not within the rule invoked by the plaintiff.

It is also insisted by plaintiff that the pry bar or lifting rod with which he was furnished to do this work was insufficient, bent and crooked and unfit for the work. This was a simple instrument or tool used in the performance of the work, and the Supreme Court, in the case of *Webster Mfg. Co. v. Nisbett,* 205 Ill. 273, says that the rule that exempts an employee from assuming the risk does not apply to ordinary labor which only requires the use of implements with which the employee is entirely familiar; and this doctrine is also announced in the case of *Schumann v. International Harvester Co.,* 174 Ill. App. 140, in which the court says: ''The doctrine in this State is that for an injury received from the use of a simple tool, the master is not liable even though he has notice of its defect, and that therefore the servant assumes the risk of injury from its use.''

It appears to us that by the allegations of this declaration all of the acts of negligence complained of were shown by the averments themselves to have been of that character which the plaintiff under the law assumed, and, being so, he was barred of any right of action against the defendant on account thereof.

Other errors are complained of with reference to the holding of the court on the question of the statute of limitations, but in view of the foregoing conclusions arrived at by this court we deem it unnecessary to consider this question.

After the demurrer was sustained to the original counts of plaintiff's declaration for the causes there assigned, which included the failure of plaintiff to

relieve himself of the question of assumed risk, and upon filing an amended declaration he still failed to allege his want of knowledge, or such facts as would relieve him of the assumption of risk, then we must assume that in the amended declaration he not only omitted these elements but did it designedly, so relying upon his right to recover notwithstanding he may have known of these defects and assumed the risk of working thereunder.

We are of the opinion that the plaintiff failed to make such a statement of facts as would relieve him from the risks assumed under the law as determined by the federal and State courts, and that the lower court committed no error in sustaining the demurrer to the declaration, and the judgment of the lower court is affirmed.

*Judgment affirmed.*