### E. C. Houchens, Appellee, v. St. Louis, Springfield and Peoria Railroad, Appellant.

1. MASTER AND SERVANT—*when assumed risk a defense under Federal Employers' Liability Act.* In a suit for personal injuries under the Federal Employers' Liability Act, which is not based on the violation of a statute, the defense of assumed risk is not barred.

2. MASTER AND SERVANT—*when instruction erroneous under Federal Employers' Liability Act.* An instruction given in a suit under the Federal Employers' Liability Act, under which a recovery might be had though the evidence clearly demonstrated that plaintiff assumed the risk that resulted in his injury, was erroneous where the negligence charged involved no violation of statute.

3. MASTER AND SERVANT—*effect of contributory negligence under Federal Employers' Liability Act.* Under the Federal Employers'

Liability Act, contributory negligence does not bar recovery but, when proved, should be taken into consideration in fixing plaintiff's damages.

4. MASTER AND SERVANT—*when instruction on damages under Federal Employers' Liability Act erroneous.* In an action under the Federal Employers' Liability Act, an instruction is erroneous which states the elements to be taken into consideration in estimating plaintiff's damages and, in effect, directs the jury to allow him full damages and does not direct them that, if the negligence of plaintiff contributed to the injury, damages should be diminished in proportion to the amount of negligence attributable to plaintiff.

5. MASTER AND SERVANT—*when findings do not show assumption of risk.* In an action under the Federal Employers' Liability Act for injuries received from an electric shock while plaintiff was employed in a transforming station, certain findings on special interrogatories *held,* not to possess the elements necessary to show an assumption of risk though they could be considered as findings on the question of contributory negligence.

Appeal from the City Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 30, 1921.

BURTON & HAMILTON and TERRY, GUELTIG & POWELL, for appellant.

L. G. GEORGE and D. H. MUDGE, for appellee.

MR. PRESIDING JUSTICE EAGLETON delivered the opinion of the court.

This is an appeal prosecuted by the St. Louis, Springfield and Peoria Railroad from a judgment for $5,000 rendered against it as defendant in favor of E. C. Houchens as plaintiff.

The declaration consisted of four counts, in each of which it was averred that the defendant was engaged in interstate commerce on a line of electric railroad operated between the States of Illinois and Missouri and had a substation near Stallings, Illinois, which was equipped with wires, machinery and appliances for receiving, transforming and transmitting electric current for operating trains and cars in carry-

442 APPELLATE COURTS OF ILLINOIS.

Houchens v. St. Louis, Springfield & Peoria R. R., 221 Ill. App. 440.

ing on said traffic, and that on August 13, 1919, the plaintiff was in the employ of the defendant as an operator at said substation and while in a certain passageway between portions of said equipment, in the discharge of his duties and using due care for his personal safety, a current of electricity of high voltage passed from one of said wires and came in contact with his body, thereby injuring him.

In addition to the foregoing averments, the first count charged that the work of the plaintiff was highly dangerous and that he was ignorant of such danger; the second count charged the defendant with the duty of using due care to furnish the plaintiff a reasonably safe place to work; the third count charged the defendant with the duty of using due care in keeping the wiring and appliances in a reasonably safe condition; and the fourth count charged that it was the duty of the defendant not to require the plaintiff to go into said passageway, and each of said counts, by apt averment, negatived the performance by the defendant of the duty charged therein.

It appears that in the substation was a row of three transformers and on the other side of the substation was a row of six oil cells. The transformers extended about 5 feet 8 inches from the wall and the oil cells about 2 feet 11 inches from the opposite wall, leaving a space 35 inches wide between the oil cells and the transformers which was used as a passageway.

The oil cells were in two sets of three each, both located against the east wall with a space between each set. The three transformers are in a row and are used for transforming 33,000 voltage to the particular voltage required. Two high-tension electric wires extended out of each transformer near the top into the passageway for a distance and then upward.

The appellee testified that on the day stated he was cleaning up and went into the passageway and the

last he remembered he was standing between the third transformer and an oil cell and took hold of a handle on an iron door with one hand and of an oil cell with the other to raise himself on a chair and the next thing he knew he was on the floor. He also testified he was 65 years old and not an electrician; that the only training he had was that he had been employed by the appellant as station agent at Thayer, Illinois, November 14, 1917, and remained there until June, 1918; that he was then sent to different places to learn the work in which he was engaged when injured; that he first went to Virdin, received instructions from the men in charge, then to various other substations and after a short time was found to be qualified and took charge of the substation at Virdin and later had charge of the substation at Anderson, where he remained until September 25, 1918, when he went to Stallings substation. At these places he testified he was instructed how to keep the house and machinery clean and how to cut out the oil cells, transformers and high tension. He also testified he was instructed that there was danger everywhere in a substation and that the high-tension wires were very dangerous.

The appellant called as a witness one Reynolds, who testified that in August, 1919, he was power dispatcher for the defendant with offices at Springfield and had charge of the maintenance of power plants and the handling of high-tension wires from various power houses and knew the plaintiff as an employee of the defendant and that he was on duty at the time of the accident. He also testified that he was asked for and gave no directions to the plaintiff about cleaning on the day of the injury. He also testified that previously, at a time the plaintiff was working on the night shift, the plaintiff asked him for a clearance on the station in order to clean the station and that the witness set the time and instructed him how to operate the switches so the high-tension current

would go around the station instead of through it.

Various grounds are urged by the appellant as grounds of reversal, among which are the giving of the first and third instructions by the court at the request of the plaintiff.

The first instruction is as follows:

"The Court instructs the jury that every common carrier by railroad while engaging in commerce between any of the several States shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, resulting in whole or in part from the negligence of any of the officers, agents or employees of said carrier, or by reason of any defect or insufficiency due to its negligence in its appliances, machinery or other equipment, and in this case the fact, if it is a fact, that the plaintiff may have been guilty of contributory negligence shall not bar his recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence, if any, attributable to the plaintiff."

It is argued that this instruction is erroneous because it stated a basis on which the plaintiff could recover and omitted all reference to the question of assumed risk. This suit not being a suit based on the violation of a statute, the defense of assumed risk is not barred. *Seaboard Air Line Ry. v. Horton,* 233 U. S. 501 [8 N. C. C. A. 834]; *Williams v. Illinois Cent. R. Co.,* 207 Ill. App. 517. In *Brant v. Chicago & A. R. Co.,* 294 Ill. 606, one Sutton was killed while employed as a brakeman and the question of assumed risk was presented as a defense and the Supreme Court held: "Under the Federal Liability Act assumed risk in this character of cases is a complete defense * * * ." Under the instruction as given, a recovery might be had even though the evidence clearly demonstrated that the appellee assumed the risk that resulted in his injury.

The third instruction is as follows:

"The Court further instructs the jury that in determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should take into consideration all the facts and circumstances in evidence before them, the nature and extent of the plaintiff's physical injuries, if any, his suffering in body and mind, if any, resulting from such injuries, and also such prospective suffering, if any; also, the plaintiff's inability to work resulting from such injuries, if any, as the jury may believe from all the evidence before them in the case and under the instructions of the Court, he has sustained or will sustain by reason of such injuries, if any, as charged and alleged in the declaration, or any count thereof, and shown by the preponderance of the evidence in the case."

Under the Federal Liability Act, contributory negligence does not bar a recovery, but such fact, when proved, should be taken into consideration in fixing a plaintiff's damages. "This action was brought under the Federal Employers' Liability Act, which provides that 'the fact that the employee may be guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee' * * *." *Roberts v. Cleveland, C., C. & St. L. Ry. Co.*, 279 Ill. 493. In stating the elements or matters to be taken into consideration in estimating the plaintiff's damages, the jury were told by this instruction that they should take into consideration the plaintiff's injuries and his suffering and inability to work, both past and future, because thereof, and in effect directs the jury to allow him the full amount of such damage and did not direct them that in the event the negligence of the plaintiff contributed to the injury the damages should be diminished in proportion to the amount of negligence attributable to the plaintiff.

The defendant caused four special interrogatories

446    APPELLATE COURTS OF ILLINOIS.

Houchens v. St. Louis, Springfield & Peoria R. R., 221 Ill. App. 440.

to be submitted to the jury, the first and fourth of which the jury answered in the negative and the second and third in the affirmative. It is argued that the findings of the jury on the second and third interrogatories were opposed to the general verdict and should control and that the answers of the jury to the first and fourth interrogatories were against the weight of the evidence.

By their answer to the second special interrogatory the jury found that the "plaintiff was injured by reason of going into the passageway in question and between the oil cells and high-tension transformers while he knew the current was passing through the same, and attempted to clean the transformers or apparatus carrying such high-tension current." By their answer to the third interrogatory the jury found that the injury was caused "by the plaintiff placing his hand on the iron handle of the oil cell and extending the other hand across the passageway and upward so that the same came in contact with or so near the insulation on the high-tension wire as to cause the electric current from the high tension wire to go from said wire through his body to the oil cell." It cannot be said that either of these findings is conclusive against the general verdict. At most they are but findings on a single fact, and while each may be considered as a finding on the question of contributory negligence, they do not possess the elements necessary to show an assumption of risk.

Other questions are discussed, including the question as to whether the verdict is supported by the weight of the evidence, but inasmuch as a new trial must be awarded for the reasons set forth, a discussion of those questions would serve no good purpose.

For the reasons indicated the judgment of the trial court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*